**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| **GURINDER JOHAL, personal representative** ) | |
| **of the Estate of AMARJEET JOHAL, and** ) | |
| **DILJOT SEKHON, personal representative** ) | |
| **of the Estate of AMARJIT SEKHON, and** ) | |
| **JASPREET SEKHON, personal representative** ) | **CIVIL ACTION** |
| **of the Estate of JASVINDER KAUR, and** ) | |
| **MARY 'CAROL' WEISERT,  personal representative** ) | |
| **of the Estate of JOHN WEISERT, and** ) | **FILE NO. _____** |
| **MATTHEW D. ALEXANDER, personal representative** ) | |
| **of the Estate of KARLIE SMITH, and** ) | |
| ) | **JURY TRIAL** |
| **Plaintiffs,** ) | **DEMANDED** |
| **vs.** ) | |
| ) | |
| **FEDEX CORPORATION,** ) | |
| **a Delaware Corporation, and** ) | |
| **FEDEX GROUND PACKAGE SYSTEM, INC.** ) | |
| **a Delaware Corporation, and** ) | |
| **FEDERAL EXPRESS CORPORATION,** ) | |
| **a Delaware Corporation, and** ) | |
| **FEDEX CORPORATE SERVICES, INC.,** ) | |
| **A Delaware Corporation, and** ) | |
| **SECURITAS SECURITY SERVICES, USA,** ) | |
| **a Delaware Corporation,** ) | |
| ) | |
| **Defendants.** ) | |

---

**COMPLAINT FOR WRONGFUL DEATH AND DEMAND FOR JURY TRIAL**

**COME NOW** Plaintiffs GURINDER JOHAL**,** as personal representative of the Estate of

Amarjeet Johal, DILJOT SEKHON, as personal representative of the Estate of Amarjit Sekhon, JASPREET

SEKHON**,** as personal representative of the Estate of Jasvinder Kaur, MARY'CAROL WEISERT, as

personal representative of the Estate of John Weisert, and MATTHEW D. ALEXANDER as personal

representative of the Estate of Karlie Smith, by and through undersigned counsel, and files their

Complaint for *Personal Injuries, Wrongful Death, and Demand for Jury Trial* against FedEx

Corporation, Fedex Ground Package System, Inc., Federal Express Corporation, FedEx Corporate Services, Inc. and Securitas Security Services, USA, and allege as follows:

## **INTRODUCTORY STATEMENT**

Plaintiff brings this action as a result of a shooting at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana (hereinafter sometimes the "8951 Mirabel Road FedEx Ground facility" or the "Mirabel Road facility" or the "FedEx Ground, Mirabel Road facility).

The shooting occurred at or about 11:00 p.m. on April 15, 2021 when a FedEx Ground Package System, Inc. (hereinafter sometimes "FedEx Ground") former employee, Brandon Hole (hereinafter sometimes "Hole"), drove onto the parking area adjacent to the FedEx Ground, Mirabel Road facility; parked his vehicle in the parking area immediately in front of and adjacent to the FedEx Ground Package facility; got out of his car and walked to the entrance of the facility where he met with, and after creating somewhat of a disruption, was denied entrance into the facility beyond the 'gateway' area by Securitas security guards.  After being denied access, Hole announced that he was going to go to his car and return, purportedly with a FedEx Ground badge and/or identification card, indicating after which he would gain entrance beyond the gateway area.

Approximately four (4) minutes after the initial confrontation with Securitas security guard personnel and exiting the gateway area, Hole exited his vehicle, armed with an automatic or semi-automatic rifle and began randomly firing at individuals in the parking area.

After firing multiple rounds in the parking area, shooting several individuals in the parking area, Hole proceeded into the facility entrance (the "gateway area") where he continued shooting.

Hole then walked back into the parking area where he continued his shooting rampage, then re-entered the building and killed himself.

In total, Hole shot and killed eight FedEx Ground employees and injured at least five others (plaintiffs understand that four of the injured were injured by gunfire and one individual was presumably injured in the shooting rampage but was not actually shot) before killing himself.

Hole was a former FedEx Ground Package employee who was employed at the 8951 Mirabel Road Ground Package facility between approximately August through October, 2020.

At all times relevant hereto, Securitas Security Services, USA provided unarmed security guard services to the FedEx Ground, Mirabel Road facility.

Plaintiffs bring this action alleging that Defendants FedEx Corporation (hereinafter sometimes "FedEx"), FedEx Ground Package System, Inc. (hereinafter sometimes "FedEx Ground"), Federal Express Corporation (hereinafter sometimes "FedEx Express"), FedEx Corporate Services, Inc. (hereinafter sometimes "FedEx Services") and Securitas Security Services, USA (hereinafter sometimes "Securitas") failed to exercise ordinary care in the carrying out of their respective duties on and prior to April 15, 2021 and that Defendants' singular and combined negligence and gross negligence was the direct and proximate cause and result of the severe injuries and ultimate death suffered by Amarjeet Johal, Amarjit Sekhon, Jasvinder Kaur, John Weisert, Karlie Smith, Jaswinder Singh, Matthew Alexander and Samaria Blackwell, and the severe injuries inflicted upon Earl Johnson, Dylan Atkins, Harpreet Singh, Angela Hugely, and Sandeep Kaur.

## THE PARTIES

## PLAINTIFFS

1.

At all times relevant hereto, Amarjeet Johal was a citizen of the State of Indiana.

2.

Gurinder Johal is the son of Amarjeet Johal and brings this action as the personal representative of the Estate of Amarjeet Johal to recover damages for Amarjeet Johal's wrongful death and, by the filing of this action, submits to the jurisdiction and venue of this honorable Court.

3.

At all times relevant hereto, Amarjit Sekhon was a citizen of the State of Indiana.

4.

Diljot Sekhon is the eldest son of Amarjit Sekhon and brings this action as the personal representative of the Estate of Amarjit Sekhon to recover damages for Amarjit Sekhon's wrongful death, and, by the filing of this action, submits to the jurisdiction and venue of this honorable Court.

5.

At all times relevant hereto, Jaswinder Kaur was a citizen of the State of Indiana.

6.

Jaspreet Sekhon is the daughter of Jaswinder Kaur and brings this action as the personal representative of the Estate of Jaswinder Kaur to recover damages for Jaswinder Kaur's wrongful death, and, by the filing of this action, submits to the jurisdiction and venue of this honorable Court.

7.

At all times relevant hereto, John Weisert was a citizen of the State of Indiana.

8.

Mary Carol Weisert is the wife of John Weisert and brings this action, as the personal representative of the Estate of John Weisert to recover damages for John Weisert's wrongful death

and, by the filing of this action, submits to the jurisdiction and venue of this honorable Court.

9.

At all times relevant hereto, Karlie Smith was a citizen of the State of Indiana.

10.

Matthew D. Alexander is the father of Karlie Smith and brings this action, as the personal representative of the Estate of Karlie Smith to recover damages for Karlie Smith's wrongful death and by the filing of this action, submits to the jurisdiction and venue of this honorable Court.

## THE DEFENDANTS

### FedEx Corporation

11.

Defendant FedEx Corporation (hereinafter sometimes "FedEx") is a Delaware corporation and has, as its principal place of business, an address at 942 South Shady Grove Road, Memphis, Tennessee 38120.

12.

Defendant FedEx is a publicly traded global delivery service company and the parent holding company of Defendants FedEx Ground, FedEx Express, and FedEx Services.

13.

Defendant FedEx, sometimes identified with its distinctive purple and platinum "FedEx" logo is organized into several distinct operating units, among them: FedEx Ground Package System, Inc., which is sometimes identified by its purple and green "FedEx" logo; Federal Express Corporation, which is sometimes identified by its purple and orange "FedEx" logo; and FedEx Corporate Services, which is sometimes identified by its purple and gray "FedEx" logo.

14.

Defendant FedEx Corporation (FedEx) is the parent corporation, providing strategic direction to, among others, FedEx Ground Package System, Inc., Federal Express Corporation and FedEx Corporate Services, Inc. (hereinafter sometimes referred to as the "Operating Units" and/or as Operating or Operational entities).

15.

Defendant FedEx has, and in the case at issue in this lawsuit had, the overall responsibility to create and implement, and did in fact create, implement, monitor, assess, modify and cause to be executed, policies and procedures applicable to security issues, including but not limited to the FedEx Corporation Workplace Violence Prevention Program (hereinafter sometimes referred to as the "FedEx WPVP" or the "FedEx WPV Program").

16.

The FedEx Workplace Violence Prevention Program was applicable to the FedEx Operational Business Segments, including but not limited to FedEx Ground, FedEx Express and FedEx Services.

17.

Defendant FedEx: (i) transacts business in the State of Indiana by and through its subsidiary Operational Business Segments, including among others FedEx Ground and FedEx Express; and (ii) has caused tortious injuries, including death, by and through its actions and inactions incurred, among other things, by (a) its' oversight in the design of the FedEx Ground Package Premises located in Indianapolis, Indiana; (b) its' failure to ensure the FedEx Ground Package Premises located in Indianapolis, Indiana were safe; (c) its' failure to ensure the proper training and supervision of subordinate executives and managers overseeing its Operational Business

Segments; its failure to ensure its Operational business Segments, specifically including but not necessarily limited to FedEx Ground and FedEx Express.

18.

Defendant FedEx has, as its Registered Agent in Indiana, C T Corporation System.

19.

C T Corporation System maintains its Registered Office at 334 North Senate Avenue, Indianapolis, Marion County, Indiana 46204.

20.

Service upon Defendant FedEx may be perfected by delivering a Summons and Complaint to its Registered Agent, C T Corporation System.

21.

Jurisdiction and venue as to Defendant FedEx is proper in this honorable Court.

## **Federal Express Ground Package System, Inc.**

22.

Defendant FedEx Ground is a Delaware corporation with its principal office located at 3610 Hacks Cross Road, Memphis, Tennessee 38125.

23.

Defendant FedEx Ground has employees and does business, among other places, at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

24.

Defendant FedEx Ground is a subsidiary of FedEx  which is primarily involved in ground transportation and delivery.

25.

FedEx Ground operates Ground Package facilities, among them, the 8951 Mirabel Road, Indianapolis, Indiana facility.

26.

Defendant FedEx Ground maintains a Protection and Preservation Services (hereinafter sometimes "PPS") department which is responsible for selecting, designing and implementing the security features of FedEx Ground's properties.  Some of the FedEx Ground involvements include research and development of security technology, application of security devices and monitoring functions, etc.

27.

Defendant FedEx Ground has, as its Registered Agent in Indiana, C T Corporation System.

28.

C T Corporation System maintains its Registered Office at 334 North Senate Avenue, Indianapolis, Marion County, Indiana 46204.

29.

Service upon Defendant FedEx Ground may be perfected by delivering a Summons and Complaint to its Registered Agent, C T Corporation System.

30.

Jurisdiction and venue as to FedEx Ground is proper in this honorable Court.

## **Federal Express Corporation**

31.

Defendant FedEx Express is a Delaware corporation with its principal office located at 3610 Hacks Cross Road, Memphis, Tennessee 38125.

32.

Defendant FedEx Express has employees and does business, among other places, at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

33.

Defendant FedEx Express's duties at the Mirabel Road facility include, but are not necessarily limited to providing and implementing security awareness and loss prevention at the Mirabel Road facility as well as providing protection to various levels of management, acting as liaison to non-proprietary (contract) guard security officers, directing security efforts on a daily basis, conducting investigations and preparation of investigative reports, providing information as to workplace violence and criminal activity issues to various FedEx Operational Business Segments, assisting in training FedEx Ground Package employees, monitoring, analyzing and recommending ways to create security awareness and maximize the safety and security of all personnel at the FedEx Mirabel Road facility.

34.

Defendant FedEx Express has, as its Registered Agent in Indiana, C T Corporation System.

35.

C T Corporation System maintains its Registered Office at 334 North Senate Avenue, Indianapolis, Marion County, Indiana 46204.

36.

Service upon Defendant FedEx Express may be perfected by delivering a Summons and Complaint to its Registered Agent, C T Corporation System.

37.

Jurisdiction and venue as to FedEx Express is proper in this honorable Court.

## FedEx Corporate Services, Inc.

38.

Defendant FedEx Services supports the FedEx Operating Units, including FedEx Ground, through corporate security programs and systems, legal, finance, tax, treasury, accounting and investor services and relations which in turn support the development and execution of FedEx corporation strategies.

39.

Defendant FedEx Services is a Delaware corporation with its principal office at 942 South Shady Grove Road, Memphis, Tennessee 38120.

40.

Defendant FedEx Services' duties, for purposes relevant to this lawsuit, include receiving reports and information provided to it by the various FedEx Operational Business Segments, including FedEx Ground, about and among other things, workplace violence incidents, and, after receiving such workplace violence incident reports, analyzing those reports and forwarding such reports and its analysis to its parent organization, FedEx as well as to the various other Operational Business Segments.  Upon information and belief, FedEx Services also negotiates and executes national or Master Agreements, including agreements for security services, including, upon information and belief, those security services provided to the 8951 Mirabel Road facility.

41.

Defendant FedEx Services is reasonably believed to have entered into an agreement with Securitas Security Services, USA to provide security services to various FedEx Operational Business Segments, subject to execution of Work Orders by such FedEx Operational Business Segments, which included the Mirabel Road FedEx Ground Package facility.

42.

Defendant FedEx Services has, as its Registered Agent in Indiana, C T Corporation System.

43.

C T Corporation System maintains its Registered Office at 334 North Senate Avenue, Indianapolis, Marion County, Indiana 46204.

44.

Service upon Defendant FedEx Services may be perfected by delivering a Summons and Complaint to its Registered Agent, C T Corporation System.

45.

Jurisdiction and venue as to FedEx Services is proper in this honorable Court.

## Securitas Security Services, USA, Inc.

46.

Defendant Securitas Security Services, USA, Inc. ( "Securitas") is a Delaware corporation with its principal office at 9 Campus Drive, Parsippany, New Jersey 07054.

47.

Defendant Securitas has employees and does business, among other places, at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

48.

Upon information and belief, Defendant Securitas entered into an agreement under which agreement Securitas was to provide security services, including security officers, to various Federal Express Operational Business Segments, which included the FedEx Ground Package Mirabel Road facility.

49.

Defendant Securitas has, as its Registered Agent in Indiana, National Registered Agents, Inc.

50.

National Registered Agents, Inc. has, as its Registered Office at 334 North Senate Avenue, Indianapolis, IN 46204.

51.

Service upon Defendant Securitas may be perfected by delivering a Summons and Complaint to its Registered Agent.

52.

Jurisdiction and venue as to Securitas is proper in this honorable Court.

## **FACTS**

53.

At all times relevant hereto, Amarjeet Johal was an employee of FedEx Ground and, on April 15, 2021 was shot and killed by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

54.

At all times relevant hereto, Jaswinder Singh was an employee of FedEx Ground and, on April 15, 2021 was shot and killed by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

55.

At all times relevant hereto, Jaswinder Kaur was an employee of FedEx Ground and on April 15, 2021 was shot and killed by a former employee of FedEx Ground at the FedEx Ground

Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

56.

At all times relevant hereto, Amarjit Sekhon was an employee of FedEx Ground and, on April 15, 2021 was shot and killed by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

57.

At all times relevant hereto, John Weisert was an employee of FedEx Ground and, on April 15, 2021 was shot and killed by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

58.

At all times relevant hereto, Matthew Alexander was an employee of FedEx Ground and, on April 15, 2021 was shot and killed by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

59.

At all times relevant hereto, Samaria Blackwell was an employee of FedEx Ground and, on April 15, 2021 was shot and killed by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

60.

At all times relevant hereto, Karlie Smith was an employee of FedEx Ground and, on April 15, 2021 was shot and killed by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

61.

At all times relevant hereto, Earl Johnson was an employee of FedEx Ground and, on April

15, 2021 was severely injured by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

62.

At all times relevant hereto, Dylan Atkins was an employee of FedEx Ground and, on April 15, 2021 was severely injured by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

63.

At all times relevant hereto, Harpreet Singh was an employee of FedEx Ground and, on April 15, 2021 was severely injured by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

64.

At all times relevant hereto, Angela Hugely was an employee of FedEx Ground and, on April 15, 2021 was severely injured by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

65.

At all times relevant hereto, Sandeep Kaur was an employee of FedEx Ground and, on April 15, 2021 was severely injured by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

66.

In or around August, 2020, Defendant FedEx Ground Package hired then eighteen (18) year old Brandon Scott Hole as a part-time package handler to work at the FedEx Ground facility located at 8951 Mirabel Road, Indianapolis, Indiana.

67.

During his (Hole's) employment by FedEx Ground from approximately August, 2020 through October, 2020, Hole exhibited emotional and mental instability on multiple instances that would cause an ordinary, reasonable person or employer to believe that Hole was potentially violent and/or dangerous to himself and others.

68.

At all times relevant hereto, Defendants FedEx, FedEx Ground, FedEx Express and Securitas knew or should have known of Hole's potentially violent and dangerous propensities, which were reasonably likely to result in injuries to himself and others.

69.

Prior to the April 15, 2021 mass shooting event at the FedEx Ground Package Mirabel Road facility, Defendants FedEx, FedEx Ground, FedEx Express, including its Security Specialists assigned to the FedEx Ground Package Mirabel Road facility, FedEx Services and Securitas, including its security officers assigned to the FedEx Ground Mirabel Road facility, were aware of prior active shootings at other FedEx Ground Package facilities including an active shooter event in Bedford Park, Illinois and a second active shooter event in Kennesaw, Georgia.

70.

Prior to the April 15, 2021mass shooting event at the FedEx Ground Package Mirabel Road facility, Defendant FedEx hired an unrelated entity, Threat Assessment Group, Inc. (hereinafter sometimes "Threat Assessment Group" or "TAG") to assist it in the design, creation, implementation, assessment, monitoring, and modification of a FedEx Workplace Violence Prevention program which was to be instituted at all of the FedEx Ground Package facilities, including the Mirabel Road FedEx Ground Package facility.

71.

At all times relevant hereto, and specifically prior to the active shooter event, which is the subject of this lawsuit, Threat Assessment Group provided continuing consulting, feedback and recommendations to FedEx which in turn provided such information and recommendations to its' Operating Groups, including, but not necessarily limited to FedEx Ground and FedEx Express from data generated through Workplace Violence Incident Reports.

72.

All data regarding workplace violence incidents from the various FedEx Business Operating Segments were funneled into the FedEx corporate offices in Memphis, Tennessee where they (the reports) were analyzed by FedEx Corporation's Security Data Research & Analysis (hereinafter sometimes "SDR&A") division.

73.

All Workplace Violence Incident Reports from FedEx Ground's 500+ package handling facilities and other Business Operating Segments went directly into the FedEx 'Security Information Management System' (hereinafter sometimes "SIMS") storage database where the information was analyzed by FedEx Corporation's SDR&A's division".

74.

FedEx Corporation's SDR&A division analyzes all data generated from corporate-wide workplace violence incidents and incident reports and provides FedEx Corporation's Security Leadership Team with quarterly reports breaking down all security events.

75.

FedEx Corporation's SDR&A division further prepared and provided trend information, by operating company, and annual comparisons and categorizations including violent and non-

violent and customer/client/criminal data to FedEx Corporation management.

76.

The resulting trend information, comparisons and categories of violence provided to FedEx Corporation was shared with FedEx Corporation's Operating Units, including FedEx Ground and FedEx Express.

77.

At all times relevant hereto, upon information and belief, Defendant FedEx Express had one or more as yet to be identified Security Specialists assigned to and physically stationed at the FedEx Ground Package Mirabel Road facility where the April 15, 2020 mass shooting event at issue in this action occurred.

78.

Security Specialists investigate and report on Workplace Violence events and other criminal incidents at their respective assigned facilities and are privy to trend information, comparisons and categories of violence provided to FedEx Corporation and were, or should have been aware, of the foreseeability of an act of violence on the premises.

79.

Activity reports and operational performance/incident reports prepared by Securitas personnel assigned to the Mirabel Road Ground Package facility were reviewed and monitored by FedEx Express Security Specialists and made available to and reviewed by FedEx, FedEx Ground management and FedEx Express management.

80.

At all times relevant hereto, Defendants FedEx, FedEx Ground, FedEx Express and FedEx Services were aware of active shooter events being the, or one of the leading physical security

threats and that active shooter events have become a common cause of occupational fatalities in recent years and of their respective need to adequately prepare for and provide adequate security to minimize exposure to such events.

81.

At the time of the April 15, 2021 shooting and prior thereto, Defendant Securitas provided unarmed security guard services to the Mirabel Road FedEx Ground Package facility.

82.

At all times relevant hereto, Defendant Securitas, as one of the world's, or even the world's largest providers of security services to business and industry was aware of active shooter events being the, or one of the leading physical security threats to business and industry in the United States, and that active shooter events have become a common cause of occupational fatalities in recent years and of their need and duty to adequately prepare for and provide adequate security to minimize exposure to such events to their clients, including but not limited to FedEx, FedEx Ground, FedEx Express and FedEx Services.

83.

On April 15, 2021 at approximately 10:54 p.m., Brandon Hole, the shooter and former employee of FedEx Ground  arrived at the 8951 Mirabel Road Ground Package facility.

84.

Upon information and belief, Hole entered an unrestricted, ungated, general parking area adjacent to the FedEx Mirabel Road Ground Package facility and parked his vehicle adjacent to the sidewalk leading to the FedEx Ground entrance doors.

85.

The parking area described in the immediately above paragraph was off of and adjacent to

a public road (Mirabel Road) and employees were not required to park in such area.

86.

There were no gates controlling the parking area described in the preceding paragraphs, nor were there any warning signs about the area being reserved for 'employees only' or that such area was in any way restricted.

87.

Upon parking his vehicle as described above, Hole, a former FedEx Ground package-handler employed at the Mirabel Road facility, information and belief, exited his vehicle and made his way to the entrance to the facility.

88.

At all times relevant hereto there were various surveillance video cameras located on the 8951 Mirabel Road Ground Package facility which, among other viewing capabilities, were capable of viewing:

(a)    Hole's driving onto the premises;

(b)    Hole parking his vehicle adjacent to the sidewalk approximately 30 yards from the main entrance doors of the facility;

(c)    observing Hole after he exited his vehicle and walking to the facility entrance area;

(d)    exiting the facility after confronting security personnel and announcing his intention to return with a badge or ID card which would grant him access into the facility;

(e)    walking along the sidewalk area to his vehicle which was parked adjacent to the FedEx Ground building;

(f)    Hole  exiting his vehicle armed with at least an automatic or semi-automatic rifle

as he walked toward the employee and visitor entrances while indiscriminately shooting people and vehicles in the parking area.

89.

After initially parking his car, which was clearly visible to Securitas security personnel, Hole was allowed, by the Securitas security officers, to pass through the turnstiles, after which he (Hole) demanded to see a manager of the facility.

90.

Upon information and belief, Plaintiffs reasonably believe that Hole passed through the turnstiles and demanded to see a manager.

91.

After Hole's first entering the FedEx Ground facility and confronting the Securitas security officer(s) Hole began banging on a door and causing a disturbance and was thereby demonstrative of an individual displaying discernable warning signs of a potentially dangerous individual and a possible volatile individual.

92.

Upon information and belief, after being denied entrance into the facility by Securitas security personnel, Hole announced that he was going to return to his car and get his FedEx badge/ID card and return.

93.

Upon information and belief, Hole's badge or FedEx identification card was not turned-in or recovered by FedEx Ground upon his termination.

94.

Upon information and belief, Plaintiffs reasonably believe that, after exiting the facility

and returning to his vehicle, Hole walked down the sidewalk adjacent to the FedEx Ground building, went to his parked vehicle approximately 30 yards from the employee and visitor doors to the facility and sat in his vehicle for approximately four (4) minutes before exiting his vehicle and while making his way back to the facility entrance doors, indiscriminately shooting several FedEx Ground Package employees in the parking area and then re-entering the facility and shooting several other FedEx Ground personnel.

95.

After Hole completed his indiscriminate shooting spree in the parking area, entering the facility where he continued his indiscriminate shooting rampage, then exiting the building only to re-enter the building and then kill himself.

96.

When Plaintiff Gurinder Johal's decedent, Amarjeet Johal, was shot and killed by Hole in the parking area adjacent to the 8951 Mirabel Road Ground Package facility, she (Amarjeet Johal) was not punched-in or working nor doing any act or acts arising out of or in the course or scope of her duties as a FedEx Ground employee.

97.

When Plaintiff Diljot Sekhon's decedent, Amarjit Sekhon, was shot and killed by Hole in the parking area adjacent to the 8951 Mirabel Road Ground Package facility, she (Amarjit Sekhon) was not punched-in or working nor doing any act or acts arising out of or in the course or scope of her duties as a FedEx Ground employee.

98.

When Plaintiff Jaspreet Sekhon's decedent, Jasvinder Kaur, was shot and killed by Hole in the parking area adjacent to the 8951 Mirabel Road Ground Package facility, she (Jasvinder Kaur)

was not punched-in or working nor doing any act or acts arising out of or in the course or scope of her duties as a FedEx Ground employee.

99.

When Plaintiff Mary 'Carol' Weisert's decedent, John Weisert, was shot and killed by Hole in the parking area adjacent to the 8951 Mirabel Road Ground Package facility, he (John Weisert) was not punched-in or working nor doing any act or acts arising out of or in the course or scope of his duties as a FedEx Ground employee.

100.

When Plaintiff Matthew D. Alexander's decedent, Karlie Smith, was shot and killed by Hole in the parking area adjacent to the 8951 Mirabel Road Ground Package facility, she (Karli Smith) was not punched-in or working nor doing any act or acts arising out of or in the course or scope  of her duties as a FedEx Ground employee.

101.

Despite the best efforts of counsel for the Plaintiffs, Plaintiffs have been unable to obtain the complete files of law enforcement which would identify exactly where, inside or outside of the FedEx Ground facility, Plaintiffs' decedents were shot by Hole.

102.

Plaintiffs contend that their respective decedents were not 'punched-in' at the time of their respective decedent's being shot by Hole and had either completed or had not started their respective individual shift when shot.

103.

Plaintiffs contend their respective decedents were, at the time each was shot by Hole, not on break; not performing any duty or act on behalf of their employer; and not doing anything in

the normal course of their respective duty on behalf of Defendant FedEx Ground.

## COUNT I

### General Negligence

**As to Defendants FedEx Corporation, FedEx Ground Package System, Inc.,
Federal Express Corporation, FedEx Corporate Services, Inc. and
Securitas Security Services, USA**

104.

Plaintiff fully incorporates paragraphs 1 through 103 as though fully and completely stated verbatim herein.

105.

At all times relevant hereto, Defendants FedEx Corporation, FedEx Ground Service System, Inc., Federal Express Corporation, FedEx Corporate Services, Inc. and Securitas Security Services, USA had a duty to the decedents, Amarjeet Johal, Jaswinder Singh, Jaswinder Kaur, Amarjit Sekhon, John Weisert, Matthew Alexander, Samaria Blackwell and Karlie Smith (hereinafter sometimes "the decedents") and those FedEx employees, Earl Johnson, Dylan Atkins, Harpreet Singh, Angela Hugely, and Sandeep Kaur who were shot and/or injured, as well as others lawfully on the premises to exercise ordinary diligence and care against unreasonable risk of harm.

106.

At all times relevant hereto, Defendants FedEx Corporation, FedEx Ground Service System, Inc., Federal Express Corporation, FedEx Corporate Services, Inc. and Securitas Security Services, USA had a duty to the decedents and the injured FedEx Ground employees, and all others lawfully on the premises, to exercise ordinary care in the performance of their respective duties and responsibilities.

107.

The duties and obligations to exercise ordinary care in the performance of their duties owed to the decedents and the injured FedEx Ground employees owed by Defendants FedEx Corporation, FedEx Ground Service System, Inc., Federal Express Corporation, Federal Express Corporate Services, Inc. and Securitas Security Services, USA are imputable to their respective employees.

108.

At all times relevant hereto, Defendants FedEx Corporation, FedEx Ground Service System, Inc., Federal Express Corporation, FedEx Corporate Services, Inc. and Securitas Security Services, USA, including their respective applicable employees:

(a) Were aware of an active shooter event occurring at a substantially similar FedEx Ground Package facility located in Bedford Park, Illinois;

(b) Were aware of an active shooter event occurring at a substantially similar FedEx Ground Package facility located in Kennesaw, Georgia;

(c) Were aware of events involving FedEx Ground employees and former employees shooting or harming FedEx employees;

(d) Were aware of active shooter events occurring at other than FedEx Ground Package facilities;

(e) Were aware of the possibility that an active shooter event was foreseeable and could occur almost anywhere; and

(f) Knew or should have known of the potential danger created by an irate or unstable individual or former employee coming onto the property and causing injury, harm or possible death to such individuals.

109.

Defendants FedEx Corporation, FedEx Ground Service System, Inc., Federal Express Corporation, FedEx Corporate Services, Inc. and Securitas Security Services, USA breached their respective and collective duty to exercise ordinary care in the performance of their respective duties by, among other things:

(a)     failing to ensure proper procedures were in place to adequately monitor personnel, visitors and employees in the immediate area of the Mirabel Road FedEx Ground Package facility, including the general parking area adjacent to the building;

(b)     failing to ensure proper procedures were in place to adequately monitor video surveillance images;

(c)     failing to have adequate personnel in place to adequately monitor video surveillance images;

(d)     failing to properly monitor video surveillance camera images;

(e)     failing to ensure that the entrances/gateway to the FedEx Mirabel Road facility were adequate to identify individuals and keep those people without a legitimate purpose or acting in a potentially dangerous manner from entering the facility;

(f)     failing to ensure that the entrance to the physical plant was secure and adequate to deny access to individuals appearing to be intent on entering for an illegitimate purpose or with an intent to do harm;

(g)     failing to ensure an adequate warning mechanism was in place to warn of known dangerous conditions on the property;

(h)     Specifically, as to FedEx Corporation, FedEx Ground Package System, Inc., Federal Express Corporation, FedEx Corporate Services, Inc., failing to ensure the

security contractor approved by Federal Express Corporate Services, Inc. and its security officers assigned to the Mirabel Road facility were adequately and fully trained;

(i)    Specifically, as to Securitas Security Services, USA, failing to ensure its security officers assigned to the Mirabel Road facility were adequately and fully trained as to potential active shooter situations;

(j)    Specifically, as to Securitas Security Services, USA, failing to ensure its security officers were properly trained to properly observe individuals demonstrating disruptive or potentially disruptive behaviors;

(k)    Specifically, as to Securitas Security Services, USA, and its security officers on duty on April 15, 2021 when Brandon Hole first came into contact with them, failing to observe or in any way monitor Hole after he (Hole) demonstrated disruptive or potentially disruptive behaviors, then left the gateway area and announced that he was going to return and go int the facility and;

(l)    Specifically, as to Securitas Security Services, USA, and its security officers on duty on April 15, 2021 when Brandon Hole first came into contact with them, failing to secure entrances to the 8951 Mirable Road facility after Hole could be observed walking from his car, returning to the entrance area and discharging the firearm(s) he was carrying from his vehicle.

110.

As a result of the actions and/or inactions of the Defendants FedEx Corporation, FedEx Ground Service System, Inc., Federal Express Corporation, FedEx Corporate Services, Inc. and Securitas Security Services, USA, including their respective applicable employees, the decedents

and the injured FedEx Ground employees incurred and suffered general and special damages to be proven with certainty at trial.

## COUNT II

### Failure to Warn

**As to Defendants FedEx Corporation, FedEx Ground Service System, Inc., Federal Express Corporation, FedEx Corporate Services, Inc. and Securitas Security Services, USA**

111.

Plaintiffs incorporate paragraphs 1 through 110 as though fully and completely stated verbatim herein.

112.

At all times relevant hereto, Defendants had a duty to exercise reasonable, ordinary care to ensure there was an adequate and appropriate system enabling management and security personnel to be able to warn employees, visitors and others lawfully on the premises of a dangerous condition or situation, including an active shooter, on the premises.

113.

At all times relevant hereto, Defendants owed a duty to the plaintiffs and all others lawfully on the premises to exercise ordinary care to avoid conduct that could reasonably be expected to cause or inflict harm.

114.

At all times relevant hereto, Defendants had a duty to ensure appropriate and reasonable policies, procedures, guidelines and training were in place to warn, and then initiate reasonable measures to protect employees and others lawfully on the premises from a dangerous condition or situation, including an active shooter, on the premises.

115.

Defendants, were negligent and breached their respective duties owed to the plaintiffs and others lawfully on the premises by, among other things to be fully described at trial:

(a)     failing to use reasonable care to ensure the plaintiffs had safe working conditions;

(b)     failing to adequately warn of the impending danger as Brandon Hole exited his vehicle, armed with automatic or semi-automatic weaponry;

(c)     failing to respond and secure the premises and entrances to the premises when Brandon Hole exited his vehicle, armed with automatic or semi-automatic weaponry and began indiscriminately shooting in the parking area adjacent to the premises.

116.

As direct and proximate result of the actions and/or inactions of the Defendants, individually and collectively, and because of their respective breaches of duties owed to the plaintiffs and others lawfully on the premises, Brandon Hole, on April 15, 2021, was allowed to carry out his indiscriminate shooting and injuring of Earl Johnson, Dylan Atkins, Harpreet Singh, Angela Hughley and Sandeep Kaur, and murder of Amarjeet Johal, Jaswinder Singh, Jaswinder Kaur, Amarjit Sekhon, John Weisert, Matthew Alexander, Samaria Blackwell, and Karlie Smith on the premises.

## COUNT III

### Failure to Keep Premises Safe

**As to Defendants FedEx Corporation, FedEx Ground Service System, Inc., Federal Express Corporation, FedEx Corporate Services, Inc. and Securitas Security Services, USA**

117.

Plaintiff fully incorporates paragraphs 1 through 116 as though fully and completely stated

verbatim herein.

118.

At all times relevant hereto, Defendants, and particularly Defendants FedEx Ground, Federal Express Corporation and Securitas, were occupiers of the Mirabel Road FedEx Ground Premises and had a duty to use reasonable and ordinary care to keep the premises safe.

119.

At all times relevant hereto, Defendants owed a duty of care to the decedents and the injured FedEx Ground employees to keep the Premises at issue safe from foreseeable, unlawful acts and dangerous conditions of which they knew or should have known existed on the Premises.

120.

At all times relevant hereto, Defendants, and particularly Defendants FedEx Ground, Federal Express Corporation and Securitas, as occupiers of the Mirabel Road FedEx Ground Premises failed to keep the Mirabel Road Premises safe from foreseeable, unlawful acts and dangerous conditions of which they knew or should have known existed on the Premises

121.

At all times relevant hereto, Defendants, and particularly Defendants FedEx Ground, Federal Express Corporation and Securitas, as occupiers of the Mirabel Road FedEx Ground Premises, failed to adequately protect Plaintiffs' decedents and the injured Plaintiffs by, among other things:

> (a)    failing to employ appropriate and adequate systems to prevent workplace violence and violence created by intrusion into the facility by individuals intent on causing harm;
>
> (b)    failing to properly create, implement, monitor, assess, and recommend amendments

to security procedures consistent with data and information readily available to them;

(c)   failing to properly train, monitor and supervise those individuals and employees responsible for implementing, monitoring, assessing, supervising and controlling the FedEx Workplace Violence Program;'

(d)   failing to have proper procedures in place to adequately monitor video surveillance monitors;

(e)   failing to have adequate personnel in place to adequately monitor video surveillance monitors;

(f)   failing to property monitor video surveillance cameras;

(g)   maintaining unsafe and insecure entrances to the facility;

(h)   failing to ensure that the entrance to the physical plant was adequate to secure and adequate to deny access to individuals intent on entering the FedEx Ground facility for an illegitimate purpose or with an intent to do harm;

(i)   failing to ensure an adequate warning mechanism was in place to warn of known dangerous conditions on the property;

(j)   Specifically, as to FedEx Corporation, Federal Express Corporation and FedEx Ground Package System, Inc., failing to ensure the security contractor approved by Federal Express Corporate Services, Inc. was contracted to provide and instructed to provide security officers that were adequately and fully trained;

(k)   Specifically, as to Securitas Security Services, USA, failing to ensure its security officers assigned to the Mirabel Road facility were adequately and fully trained;

(l)   Specifically, as to Securitas Security Services, USA, failing to ensure its security

officers assigned to the Mirabel Road facility were fully and appropriately trained to properly observe individuals demonstrating disruptive or potentially disruptive behaviors;

(m)    Specifically, as to Securitas Security Services, USA, its security officers failing to observe or in any way monitor Brandon Hole after he (Hole) demonstrated disruptive or potentially disruptive behavior and/or created a disturbance and then left the area announcing that he was going to return in order to gain entrance into the facility.

(n)    Specifically, as to Securitas Security Services, USA, allowing Brandon Hole to enter the facility after he (Hole) started his return to the entrances to the facility and began indiscriminately shooting in the parking area.

122.

As a result of the actions and/or inactions of the Defendants, individually or collectively, Plaintiffs' decedents and injured individuals suffered special and general to be proven with certainty at trial.

## **COUNT IV**

### **Negligence – Failure to Provide Adequate Security as to Defendant Securitas Security Services, Inc.**

123.

Plaintiff fully incorporates paragraphs 1 through 122 as though fully and completely stated verbatim herein.

124.

At all times relevant hereto, Defendant Securitas Security Services, USA Inc. had a duty to the Plaintiffs and the injured FedEx Ground Package personnel, and others lawfully on the

premises, to exercise ordinary diligence and care against unreasonable risk of harm.

125.

At all times relevant hereto, Defendant Securitas Security Services, USA Inc. had a duty to the decedents and the injured FedEx Ground Package personnel, and others lawfully on the premises, to exercise ordinary care in the performance of their duties and responsibilities as they relate to their duties at the Mirabel Road Ground Package Premises.

126.

Defendant Securitas Security Services, USA Inc. breached their respective duty of care owed to the Plaintiff by, among other things:

(a)     failing to have or ensure proper procedures were in place to adequately monitor video surveillance cameras;

(b)     failing to have, or in the alternative recommend, adequate personnel be in place to adequately monitor video surveillance cameras;

(c)     failing to property monitor video surveillance cameras;

(d)     maintaining an unsafe and insecure entrance to the facility;

(e)     failing to ensure that the entrances to the physical plant were secure;

(f)     failing to ensure, or in the alternative, recommend an adequate warning mechanism be in place to warn of known dangerous conditions on the property, including the provision of an adequate warning system to warn of an active shooter situation on the Premises;

(g)     failing to ensure security personnel were adequately and fully trained;

(h)     failing to observe or in any way monitor Brandon Hole after he (Hole) created a disturbance, left the area and announced that he was going to return in order to gain

entrance into the facility.

127.

As a result of the actions and/or inactions of Securitas Security Services, USA, Inc. Plaintiffs' decedents and the injured FedEx Ground Package personnel, and others lawfully on the premises incurred and suffered special and general damages to be proven with certainty at trial.

### **COUNT V**

### **Negligent Hiring, Training & Supervision as to Defendants FedEx Corporation, FedEx Ground Package System, Inc. and Federal Express Corporation**

128.

Plaintiff fully incorporates paragraphs 1 through 127 as though fully and completely stated verbatim herein.

129.

At all relevant times, Defendants FedEx Corporation, FedEx Ground Package System, Inc., and Federal Express Corporation, to include their respective employees acting on their behalf, owed a duty to exercise ordinary care in the selection, hiring, training and supervision of their respective employees, and ensure proper policies, procedures and guidelines were in place and properly carried out.

130.

Defendants FedEx Corporation, FedEx Ground Package System, Inc., and Federal Express Corporation were negligent in hiring, training and/or supervising of management and supervisory personnel assigned to the Mirabel Road Ground Package facility by, among other things:

(a)     failing to have or ensure proper procedures were in place to adequately monitor video surveillance cameras;

(b)     failing to have, or in the alternative recommend, adequate personnel be in place to

adequately monitor video surveillance cameras;

(c)     failing to property monitor video surveillance cameras;

(d)     failing to ensure personnel were trained to properly maintain a safe and secure entrance to the facility;

(e)     failing to ensure that personnel were properly trained to ensure the entrances to the physical plant were secure;

(g)     failing to ensure security personnel were adequately and fully trained to respond to dangerous or potentially dangerous conditions on the premises;

(h)     failing to ensure security personnel were properly trained and supervised to recognize individuals demonstrating disruptive or potentially disruptive behavior.

131.

As a direct and proximate result of the actions and/or inactions of Defendants FedEx Corporation, FedEx Ground Package System, Inc., Federal Express Corporation, and FedEx Corporate Services, Inc., Plaintiffs' decedents and the injured FedEx Ground Package personnel, and others lawfully on the premises incurred and suffered special and general damages to be proven with certainty at trial.

## **COUNT VI**

## **Negligent Hiring, Training & Supervision as to Defendant Securitas Security Services, Inc.**

132.

Plaintiff fully incorporates paragraphs 1 through 131 as though fully and completely stated verbatim herein.

133.

At all times relevant hereto, Defendant Securitas owed a duty to Defendants FedEx

Corporation, FedEx Ground Package System, Inc., and Federal Express Corporation and to Plaintiffs' decedents and the injured FedEx Ground Package personnel, and others lawfully on the premises to exercise ordinary care in the selection, hiring, training and supervision of their respective employees, and to ensure proper policies, procedures and guidelines were in place and properly carried out.

134.

Defendant Securitas was negligent in the hiring, training and supervision of their employees by, among other things:

(a)     failing to have or ensure proper procedures were in place to adequately monitor video surveillance cameras;

(b)     failing to have, or in the alternative recommend, adequate personnel be in place to adequately monitor video surveillance cameras;

(c)     failing to property monitor video surveillance cameras;

(d)     failing to ensure personnel were trained to properly maintain a safe and secure entrance to the facility;

(e)     failing to ensure that personnel were properly trained to ensure the entrances to the physical plant were secure;

(g)     failing to ensure security personnel were adequately and fully trained to respond to dangerous or potentially dangerous conditions on the premises, to include but not be limited to the failure to recognize Brandon Hole as being a potential threat to the safety and/or security of the premises from potentially dangerous or injurious acts;

(h)     failing to ensure security personnel were trained and properly supervised in recognizing individuals demonstrating disruptive or potentially disruptive

behavior.

135.

As a direct and proximate result of the actions and/or inactions of Defendant Securitas, Plaintiffs' decedents and the injured FedEx Ground Package personnel, and others lawfully on the premises incurred and suffered special and general damages to be proven with certainty at trial.

## **DAMAGES**

136.

Plaintiff fully incorporates paragraphs 1 through 135 as though fully and completely stated verbatim herein.

137.

As a result and consequence of the actions and/or inactions of Defendants Federal Express Corporation, FedEx Corporate Services, Inc., and Securitas Security Services, Inc., Plaintiffs' decedents suffered general and special damages for which each Plaintiff seeks to recover.

138.

As a result and consequence of the actions and/or inactions of Defendants FedEx Corporation, FedEx Ground Package System, Inc., Federal Express Corporation, FedEx Corporate Services, Inc., and Securitas Security Services, USA, Inc.:

(a)  Plaintiff Gurinder Johal's decedent Amarjeet Johal suffered general damages and special damages as determined by an impartial jury in accordance with Indiana Code § 34-23-1 et seq.;

(b)  Plaintiff Diljot Sekhon's decedent Amarjit Sekhon suffered general damages and special damages as determined by an impartial jury in accordance with Indiana Code § 34-23-1 et seq.;

(c)     Plaintiff Jaspreet Sekhon's decedent Jasvinder Kaur suffered general damages and special damages as determined by an impartial jury in accordance with Indiana Code § 34-23-1 et seq.;

(d)     Plaintiff Mary 'Carol' Weisert's decedent John Weisert suffered general damages and special damages as determined by an impartial jury in accordance with Indiana Code § 34-23-1 et seq.;

(e)     Plaintiff Matthew Alexander's decedent Karli Smith suffered general damages and special damages as determined by an impartial jury in accordance with Indiana Code § 34-23-1 et seq.;

**WHEREFORE**, Plaintiffs, as representative of each decedent identified above, demand and be awarded:

(a)     Judgment against Defendants, jointly and/or separately, for general damages and special damages as determined by an impartial jury in accordance with Indiana Code § 34-23-1 et seq.;

(b)     Attorney fees and costs for this action and interest as allowable by law; and

(c)     TRIAL BY JURY; and

(d)     For  such other and further relief as this Honorable Court deems just and proper.

This 11th day of April 2022.

/s/ *Daniel S. Chamberlain*
Indiana Bar No. 16375-49

Cohen & Malad, LLC
One Indiana Square, , Suite 1400
Indianapolis, IN 46204
T (317) 636-6481
M (317) 549-5454
dchamberlain@cohenandmalad.com

*/s/ Melvin L Hewitt*
Melvin L. Hewitt, Jr.
Georgia Bar No. 350319
*Pro Hac pending*

Isenberg & Hewitt, P.C.
600 Embassy Row, Suite 150
Atlanta, GA 30328
T (770) 351-4400
F (770) 828-0100
mel@isenberg-hewitt.com