## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

GURINDER JOHAL, personal representative of )    Case No. 1:22-cv-00716-JRS-MG
the Estate of AMARJEET JOHAL, and DILJOT )
SEKHON, personal representative of the Estate )
of the Estate of AMARJIT SEKHON, and )
JASPREET SEKHON, personal representative )
of the Estate of JASVINDER KAUR, and )
MARY 'CAROL' WEISERT, personal )
representative of the Estate of JOHN WEISERT, )
and MATTHEW D. ALEXANDER, personal )
representative of the Estate of KARLIE SMITH, )
                                             )
          Plaintiffs, )
                                             )
    vs. )
                                             )
SECURITAS SECURITY SERVICES USA, )
INC., NATHANIEL LUHRSEN, personal )
representative of the Estate of Karlie Smith and )
KAREN SMITH, individually, )
                                             )
         Defendants. )
                                             )

## DEFENDANT SECURITAS SECURITY SERVICES USA, INC.'S ANSWER
## TO PLAINTIFF'S SECOND AMENDED COMPLAINT
## FOR WRONGFUL DEATH AND DEMAND FOR JURY TRIAL

Defendant Securitas Security Services USA, Inc., by counsel, for its answer to Plaintiffs'

Second Amended Complaint, states:

## THE PARTIES

### Plaintiffs

1.

At all times relevant hereto, Amarjeet Johal was a citizen of the State of Indiana.

**ANSWER**:  Upon information and belief**,** Defendant admits the allegations in paragraph 1.

2.

Gurinder Johal is the son of Amarjeet Johal and brings this action as the personal representative of the Estate of Amarjeet Johal to recover damages for Amarjeet Johal's wrongful death and, by the filing of this action, submits to the jurisdiction and venue of this honorable Court. Pursuant to 28 U.S.C. § 1332(c)(2), Gurinder Johal is deemed a citizen of the same state as his decedent, *i.e.,* Indiana.

**ANSWER**:  Upon information and belief**,** Defendant admits the allegations in paragraph 2, except that Defendant denies that it is liable for damages for wrongful death.

3.

At all times relevant hereto, Amarjit Sekhon was a citizen of the State of Indiana.

**ANSWER**:  Upon information and belief**,** Defendant admits the allegations in paragraph 3.

4.

Diljot Sekhon is the eldest son of Amarjit Sekhon and brings this action as the personal representative of the Estate of Amarjit Sekhon to recover damages for Amarjit Sekhon's wrongful death, and, by the filing of this action, submits to the jurisdiction and venue of this honorable Court. Pursuant to 28 U.S.C. § 1332(c)(2), Diljot Sekhon is deemed a citizen of the same state as his decedent, *i.e.,* Indiana.

**ANSWER**:  Upon information and belief**,** Defendant admits the allegations in paragraph 4, except that Defendant denies that it is liable for damages for wrongful death.

5.

At all times relevant hereto, Jasvinder Kaur was a citizen of the State of Indiana.

**ANSWER**:  Upon information and belief**,** Defendant admits the allegations in paragraph 5.

6.

Jaspreet Sekhon is the daughter of Jasvinder Kaur and brings this action as the personal

representative of the Estate of Jasvinder Kaur to recover damages for Jasvinder Kaur's wrongful death, and, by the filing of this action, submits to the jurisdiction and venue of this honorable Court. Pursuant to 28 U.S.C. § 1332(c)(2), Jaspreet Sekhon is deemed a citizen of the same state as her decedent, *i.e.,* Indiana.

**ANSWER**:  Upon information and belief**,** Defendant admits the allegations in paragraph 6, except that Defendant denies that it is liable for damages for wrongful death.

7.

At all times relevant hereto, John Weisert was a citizen of the State of Indiana.

**ANSWER**:  Upon information and belief**,** Defendant admits the allegations in paragraph 7.

8.

Mary Carol Weisert is the wife of John Weisert and brings this action, as the personal representative of the Estate of John Weisert to recover damages for John Weisert's wrongful death and, by the filing of this action, submits to the jurisdiction and venue of this honorable Court. Pursuant to 28 U.S.C. § 1332(c)(2), Mary Carol Weisert is deemed a citizen of the same state as her decedent, *i.e.,* Indiana.

**ANSWER**:  Upon information and belief**,** Defendant admits the allegations in paragraph 8, except that Defendant denies that it is liable for damages for wrongful death.

9.

At all times relevant hereto, Karli Smith was a citizen of the State of Indiana.

**ANSWER**:  Upon information and belief**,** Defendant admits the allegations in paragraph 9.

10.

Matthew D. Alexander is the father of Karli Smith and brings this action, as the personal representative of the Estate of Karli Smith to recover damages for Karli Smith's wrongful death and by the filing of this action, submits to the jurisdiction and venue of this honorable Court.

Pursuant to 28 U.S.C. § 1332(c)(2), Matthew D. Alexander is deemed a citizen of the same state as his decedent, *i.e.,* Indiana.

**ANSWER**:  Upon information and belief**,** Defendant admits the allegations in paragraph 10, except that Defendant denies that it is liable for damages for wrongful death and denies that Matthew Alexander is the personal representative of the Estate of Karli Smith.

## DEFENDANTS

## FedEx Corporation

### 11.

Defendant FedEx Corporation (hereinafter sometimes "FedEx") is a Delaware corporation and has, as its principal place of business, an address at 942 South Shady Grove Road, Memphis, Tennessee 38120.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 11.

### 12.

Defendant FedEx is a publicly traded global delivery service company and the parent holding company of Defendants FedEx Ground, FedEx Express, and FedEx Services.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 12.

### 13.

Defendant FedEx, sometimes identified with its distinctive purple and platinum "FedEx" logo is organized into several distinct operating units, among them: FedEx Ground Package System, Inc., which is sometimes identified by its purple and green "FedEx" logo; Federal Express Corporation, which is sometimes identified by its purple and orange "FedEx" logo; and FedEx Corporate Services, which is sometimes identified by its purple and gray "FedEx" logo.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the

allegations in paragraph 13.

14.

Defendant FedEx Corporation (FedEx) is the parent corporation, providing strategic direction to, among others, FedEx Ground Package System, Inc., Federal Express Corporation and FedEx Corporate Services, Inc. (hereinafter sometimes referred to as the "Operating Units" and/or as Operating or Operational entities).

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 14.

15.

Defendant FedEx has, and in the case at issue in this lawsuit had, the overall responsibility to create and implement, and did in fact create, implement, monitor, assess, modify and cause to be executed, policies and procedures applicable to security issues, including but not limited to the FedEx Corporation Workplace Violence Prevention Program (hereinafter sometimes referred to as the "FedEx WPVP" or the "FedEx WPV Program").

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 15.

16.

The FedEx Workplace Violence Prevention Program was applicable to the FedEx Operational Business Segments, including but not limited to FedEx Ground, FedEx Express and FedEx Services.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 16.

17.

Defendant FedEx: (i) transacts business in the State of Indiana by and through its subsidiary Operational Business Segments, including among others FedEx Ground and FedEx Express; and (ii) has caused tortious injuries, including death, by and through its actions and inactions incurred, among other things, by (a) its' oversight in the design of the FedEx Ground Package Premises located in Indianapolis, Indiana; (b) its' failure to ensure the FedEx Ground Package Premises located in Indianapolis, Indiana were safe; (c) its' failure to ensure the proper training and supervision of subordinate executives and managers overseeing its Operational Business Segments; its failure to ensure its Operational business Segments, specifically including but not necessarily limited to FedEx Ground and FedEx Express.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 17.

18.

Defendant FedEx has, as its Registered Agent in Indiana, C T Corporation System.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 18.

19.

C T Corporation System maintains its Registered Office at 334 North Senate Avenue, Indianapolis, Marion County, Indiana 46204.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 19.

20.

Service upon Defendant FedEx may be perfected by delivering a Summons and Complaint

to its Registered Agent, C T Corporation System.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 20.

21.

Jurisdiction and venue as to Defendant FedEx is proper in this honorable Court.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 21.

### **Federal Express Ground Package System, Inc.**

22.

Defendant FedEx Ground is a Delaware corporation with its principal place of business located at 3610 Hacks Cross Road, Memphis, Tennessee 38125.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 22.

23.

Defendant FedEx Ground has employees and does business, among other places, at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

**ANSWER**:  Upon information and belief, Defendant admits that FedEx Ground operates a facility at this address.

24.

Defendant FedEx Ground is a subsidiary of FedEx which is primarily involved in ground transportation and delivery.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 24.

25.

FedEx Ground operates Ground Package facilities, among them, the 8951 Mirabel Road, Indianapolis, Indiana facility.

**ANSWER**:  Upon information and belief, Defendant admits that FedEx Ground operates a facility at this address.

26.

Defendant FedEx Ground maintains a Protection and Preservation Services (hereinafter sometimes "PPS") department which is responsible for selecting, designing and implementing the security features of FedEx Ground's properties. Some of the FedEx Ground involvements include research and development of security technology, application of security devices and monitoring functions, etc.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 26.

27.

Defendant FedEx Ground has, as its Registered Agent in Indiana, C T Corporation System.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 27.

28.

C T Corporation System maintains its Registered Office at 334 North Senate Avenue, Indianapolis, Marion County, Indiana 46204.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 28.

29.

Service upon Defendant FedEx Ground may be perfected by delivering a Summons and Complaint to its Registered Agent, C T Corporation System.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 29.

30.

Jurisdiction and venue as to FedEx Ground is proper in this honorable Court.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 30.

### Federal Express Corporation

31.

Defendant FedEx Express is a Delaware corporation with its principal place of business located at 3610 Hacks Cross Road, Memphis, Tennessee 38125.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 31.

32.

Defendant FedEx Express has employees and does business, among other places, at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 32.

33.

Defendant FedEx Express's duties at the Mirabel Road facility include, but are not necessarily limited to providing and implementing security awareness and loss prevention at the

Mirabel Road facility as well as providing protection to various levels of management, acting as liaison to non-proprietary (contract) guard security officers, directing security efforts on a daily basis, conducting investigations and preparation of investigative reports, providing information as to workplace violence and criminal activity issues to various FedEx Operational Business Segments, assisting in training FedEx Ground Package employees, monitoring, analyzing and recommending ways to create security awareness and maximize the safety and security of all personnel at the FedEx Mirabel Road facility.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 33.

34.

Defendant FedEx Express has, as its Registered Agent in Indiana, C T Corporation System.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 34.

35.

C T Corporation System maintains its Registered Office at 334 North Senate Avenue, Indianapolis, Marion County, Indiana 46204.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 35.

36.

Service upon Defendant FedEx Express may be perfected by delivering a Summons and Complaint to its Registered Agent, C T Corporation System.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 36.

37.

Jurisdiction and venue as to FedEx Express is proper in this honorable Court.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 37.

### FedEx Corporate Services, Inc.

38.

Defendant FedEx Services supports the FedEx Operating Units, including FedEx Ground, through corporate security programs and systems, legal, finance, tax, treasury, accounting and investor services and relations which in turn support the development and execution of FedEx corporation strategies.

**ANSWER**:   Defendant admits that it has a Guard Services Agreement, Contract No. 19-0210-000, with FedEx Corporate Services, Inc. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 38.

39.

Defendant FedEx Services is a Delaware corporation with its principal place of business at 942 South Shady Grove Road, Memphis, Tennessee 38120.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 39.

40.

Defendant FedEx Services' duties, for purposes relevant to this lawsuit, include receiving reports and information provided to it by the various FedEx Operational Business Segments, including FedEx Ground, about and among other things, workplace violence incidents, and, after receiving such workplace violence incident reports, analyzing those reports and forwarding such

reports and its analysis to its parent organization, FedEx as well as to the various other Operational Business Segments. Upon information and belief, FedEx Services also negotiates and executes national or Master Agreements, including agreements for security services, including, upon information and belief, those security services provided to the 8951 Mirabel Road facility.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 40.

41.

Defendant FedEx Services is reasonably believed to have entered into an agreement with Securitas Security Services, USA to provide security services to various FedEx Operational Business Segments, subject to execution of Work Orders by such FedEx Operational Business Segments, which included the Mirabel Road FedEx Ground Package facility.

**ANSWER**:  Defendant admits that it has a Guard Services Agreement, Contract No. 19-0210-000, with FedEx Corporate Services, Inc., and that it has a Work Order for certain services at the Mirabel Road facility, which agreement speaks for itself.

42.

Defendant FedEx Services has, as its Registered Agent in Indiana, C T Corporation System.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 42.

43.

C T Corporation System maintains its Registered Office at 334 North Senate Avenue, Indianapolis, Marion County, Indiana 46204.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the

allegations in paragraph 43.

44.

Service upon Defendant FedEx Services may be perfected by delivering a Summons and Complaint to its Registered Agent, C T Corporation System.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 44.

45.

Jurisdiction and venue as to FedEx Services is proper in this honorable Court.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 45.

**Securitas Security Services, USA, Inc.**

46.

Defendant Securitas Security Services, USA, Inc. ("Securitas") is a Delaware corporation with its principal place of business at 9 Campus Drive, Parsippany, New Jersey 07054.

**ANSWER**:  Defendant admits the allegations in paragraph 46, with the exception that the proper corporate name is Securitas Security Services USA, Inc.

47.

Defendant Securitas has employees and does business, among other places, at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

**ANSWER**:  Defendant admits the allegations in paragraph 47.

48.

Upon information and belief, Defendant Securitas entered into an agreement under which agreement Securitas was to provide security services, including security officers, to various

13

Federal Express Operational Business Segments, which included the FedEx Ground Package Mirabel Road facility.

**ANSWER**:  Defendant admits that it has a Guard Services Agreement, Contract No. 19-0210-000, with FedEx Corporate Services, Inc., which included services provided at the Mirabel Road facility, which agreement speaks for itself.

49.

Defendant Securitas has, as its Registered Agent in Indiana, National Registered Agents, Inc.

**ANSWER**:   Defendant admits the allegations in paragraph 49.

50.

National Registered Agents, Inc. has, as its Registered Office at 334 North Senate Avenue, Indianapolis, IN 46204.

**ANSWER**:  Defendant admits the allegations in paragraph 50.

51.

Service upon Defendant Securitas may be perfected by delivering a Summons and Complaint to its Registered Agent.

**ANSWER**:  Defendant admits the allegations in paragraph 51.

52.

Jurisdiction and venue as to Securitas is proper in this honorable Court.

**ANSWER**:  Defendant admits the allegations in paragraph 51.

**SUBJECT MATTER JURISDICTION**

53.

This Court has jurisdiction of the subject matter of this action under 28 U.S.C. § 1332(a)(1)

because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. Specifically, as alleged above, Plaintiffs are all citizens of Indiana, and Defendants are citizens of Delaware, Tennessee, and New Jersey.

**ANSWER**:   Upon information and belief, Defendant admits that this Court has subject matter jurisdiction of this action, that diversity of citizenship exists, and that the amount in controversy exceeds the jurisdictional threshold.

## FACTS

54.

At all times relevant hereto, Amarjeet Johal was an employee of FedEx Ground and, on April 15, 2021 was shot and killed by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 54.

55.

At all times relevant hereto, Jasvinder Kaur was an employee of FedEx Ground and on April 15, 2021 was shot and killed by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 55.

56.

At all times relevant hereto, Amarjit Sekhon was an employee of FedEx Ground and, on April 15, 2021 was shot and killed by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 56.

57.

At all times relevant hereto, John Weisert was an employee of FedEx Ground and, on April 15, 2021 was shot and killed by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 57.

58.

At all times relevant hereto, Karli Smith was an employee of FedEx Ground and, on April 15, 2021 was shot and killed by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 58.

59.

In or around August, 2020, Defendant FedEx Ground Package hired then eighteen (18) year old Brandon Scott Hole as a part-time package handler to work at the FedEx Ground facility located at 8951 Mirabel Road, Indianapolis, Indiana.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 59.

60.

During his (Hole's) employment by FedEx Ground from approximately August 2020 through October 2020, Hole exhibited emotional and mental instability on multiple instances that

would cause an ordinary, reasonable person or employer to believe that Hole was potentially violent and/or dangerous to himself and others.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 60.

61.

At all times relevant hereto, Defendants FedEx, FedEx Ground, FedEx Express and Securitas knew or should have known of Hole's potentially violent and dangerous propensities, which were reasonably likely to result in injuries to himself and others.

**ANSWER**:  Defendant denies the allegations in paragraph 61 to the extent those allegations relate to this Defendant. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 61.

62.

Prior to the April 15, 2021 mass shooting event at the FedEx Ground Package Mirabel Road facility, Defendants FedEx, FedEx Ground, FedEx Express, including its Security Specialists assigned to the FedEx Ground Package Mirabel Road facility, FedEx Services and Securitas, including its security officers assigned to the FedEx Ground Mirabel Road facility, were aware of prior active shootings at other FedEx Ground Package facilities including an active shooter event in Bedford Park, Illinois and a second active shooter event in Kennesaw, Georgia.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 62.

63.

Prior to the April 15, 2021mass shooting event at the FedEx Ground Package Mirabel Road facility, Defendant FedEx hired an unrelated entity, Threat Assessment Group, Inc. (hereinafter

sometimes "Threat Assessment Group" or "TAG") to assist it in the design, creation, implementation, assessment, monitoring, and modification of a FedEx Workplace Violence Prevention program which was to be instituted at all of the FedEx Ground Package facilities, including the Mirabel Road FedEx Ground Package facility.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 63.

64.

At all times relevant hereto, and specifically prior to the active shooter event, which is the subject of this lawsuit, Threat Assessment Group provided continuing consulting, feedback and recommendations to FedEx which in turn provided such information and recommendations to its' Operating Groups, including, but not necessarily limited to FedEx Ground and FedEx Express from data generated through Workplace Violence Incident Reports.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 64.

65.

All data regarding workplace violence incidents from the various FedEx Business Operating Segments were funneled into the FedEx corporate offices in Memphis, Tennessee where they (the reports) were analyzed by FedEx Corporation's Security Data Research & Analysis (hereinafter sometimes "SDR&A") division.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 65.

66.

All Workplace Violence Incident Reports from FedEx Ground's 500+ package handling

facilities and other Business Operating Segments went directly into the FedEx 'Security Information Management System' (hereinafter sometimes "SIMS") storage database where the information was analyzed by FedEx Corporation's SDR&A's division".

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 66.

67.

FedEx Corporation's SDR&A division analyzes all data generated from corporate-wide workplace violence incidents and incident reports and provides FedEx Corporation's Security Leadership Team with quarterly reports breaking down all security events.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 67.

68.

FedEx Corporation's SDR&A division further prepared and provided trend information, by operating company, and annual comparisons and categorizations including violent and non-violent and customer/client/criminal data to FedEx Corporation management.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 68.

69.

The resulting trend information, comparisons and categories of violence provided to FedEx Corporation was shared with FedEx Corporation's Operating Units, including FedEx Ground and FedEx Express.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 69.

70.

At all times relevant hereto, upon information and belief, Defendant FedEx Express had one or more as yet to be identified Security Specialists assigned to and physically stationed at the FedEx Ground Package Mirabel Road facility where the April 15, 2020 mass shooting event at issue in this action occurred.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 70.

71.

Security Specialists investigate and report on Workplace Violence events and other criminal incidents at their respective assigned facilities and are privy to trend information, comparisons and categories of violence provided to FedEx Corporation and were, or should have been aware, of the foreseeability of an act of violence on the premises.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 71.

72.

Activity reports and operational performance/incident reports prepared by Securitas Personnel assigned to the Mirabel Road Ground Package facility were reviewed and monitored by FedEx Express Security Specialists and made available to and reviewed by FedEx, FedEx Ground management and FedEx Express management.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 72.

73.

At all times relevant hereto, Defendants FedEx, FedEx Ground, FedEx Express and FedEx

Services were aware of active shooter events being the, or one of the leading physical security threats and that active shooter events have become a common cause of occupational fatalities in recent years and of their respective need to adequately prepare for and provide adequate security to minimize exposure to such events.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 73.

74.

At the time of the April 15, 2021 shooting and prior thereto, Defendant Securitas provided unarmed security guard services to the Mirabel Road FedEx Ground Package facility.

**ANSWER**:  Defendant admits the allegations in paragraph 74.

75.

At all times relevant hereto, Defendant Securitas, as one of the world's, or even the world's largest providers of security services to business and industry was aware of active shooter events being the, or one of the leading physical security threats to business and industry in the United States, and that active shooter events have become a common cause of occupational fatalities in recent years and of their need and duty to adequately prepare for and provide adequate security to minimize exposure to such events to their clients, including but not limited to FedEx, FedEx Ground, FedEx Express and FedEx Services.

**ANSWER**:  Defendant admits that it was aware that shooting events have occurred. Defendant denies the inference that these random criminal events meet the test of legal forseeability for purposes of liability.  Defendant denies all remaining allegations in paragraph 75.

76.

On April 15, 2021 at approximately 10:54 p.m., Brandon Hole, the shooter and former

employee of FedEx Ground arrived at the 8951 Mirabel Road Ground Package facility.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 76.

77.

Upon information and belief, Hole entered an unrestricted, ungated, general parking area adjacent to the FedEx Mirabel Road Ground Package facility and parked his vehicle adjacent to the sidewalk leading to the FedEx Ground entrance doors.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 77.

78.

The parking area described in the immediately above paragraph was off of and adjacent to a public road (Mirabel Road) and employees were not required to park in such area.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 78.

79.

There were no gates controlling the parking area described in the preceding paragraphs, nor were there any warning signs about the area being reserved for 'employees only' or that such area was in any way restricted.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 79.

80.

Upon parking his vehicle as described above, Hole, a former FedEx Ground package-handler employed at the Mirabel Road facility, information and belief, exited his vehicle and made

his way to the entrance to the facility.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 80.

81.

At all times relevant hereto there were various surveillance video cameras located on the 8951 Mirabel Road Ground Package facility which, among other viewing capabilities, were capable of viewing:

(a)   Hole's driving onto the premises;

1.   Hole parking his vehicle adjacent to the sidewalk approximately 30 yards from the main entrance doors of the facility;

2.   observing Hole after he exited his vehicle and walking to the facility entrance area;

3.   exiting the facility after confronting security personnel and announcing his intention to return with a badge or ID card which would grant him access into the facility;

4.   walking along the sidewalk area to his vehicle which was parked adjacent to the FedEx Ground building;

5.   Hole exiting his vehicle armed with at least an automatic or semi-automatic rifle as he walked toward the employee and visitor entrances while indiscriminately shooting people and vehicles in the parking area.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 81.

82.

After initially parking his car, which was clearly visible to Securitas security personnel, Hole was allowed, by the Securitas security officers, to pass through the turnstiles, after which he (Hole) demanded to see a manager of the facility.

**ANSWER**:  Defendant denies the allegations in paragraph 82.

83.

Upon information and belief, Plaintiffs reasonably believe that Hole passed through the turnstiles and demanded to see a manager.

**ANSWER**:  Defendant denies the allegations in paragraph 83.

84.

After Hole's first entering the FedEx Ground facility and confronting the Securitas security officer(s) Hole began banging on a door and causing a disturbance and was thereby demonstrative of an individual displaying discernable warning signs of a potentially dangerous individual and a possible volatile individual.

**ANSWER**:  Defendant denies the allegations in paragraph 84.

85.

Upon information and belief, after being denied entrance into the facility by Securitas security personnel, Hole announced that he was going to return to his car and get his FedEx badge/ID card and return.

**ANSWER**:  Defendant denies the allegations in paragraph 85.

86.

Upon information and belief, Hole's badge or FedEx identification card was not turned-in or recovered by FedEx Ground upon his termination.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 86.

87.

Upon information and belief, Plaintiffs reasonably believe that, after exiting the facility and returning to his vehicle, Hole walked down the sidewalk adjacent to the FedEx Ground

building, went to his parked vehicle approximately 30 yards from the employee and visitor doors to the facility and sat in his vehicle for approximately four (4) minutes before exiting his vehicle and while making his way back to the facility entrance doors, indiscriminately shooting several FedEx Ground Package employees in the parking area and then re-entering the facility and shooting several other FedEx Ground personnel.

**ANSWER**:  Defendant admits that a person entered the facility and fired shots. Defendant lacks knowledge or information as to the truth of the remaining allegations in paragraph 87.

88.

After Hole completed his indiscriminate shooting spree in the parking area, entering the facility where he continued his indiscriminate shooting rampage, then exiting the building only to re-enter the building and then kill himself.

**ANSWER**:  Defendant admits that a person entered the facility and fired shots. Defendant lacks knowledge or information as to the truth of the remaining allegations in paragraph 88.

89.

When Plaintiff Gurinder Johal's mother, Amarjeet Johal, was shot and killed by Hole in the parking area adjacent to the 8951 Mirabel Road Ground Package facility, she (Amarjeet Johal) was not punched-in or working nor doing any act or acts arising out of or in the course or scope of her duties as a FedEx Ground employee.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 89.

90.

When Plaintiff Diljot Sekhon's mother, Amarjit Sekhon, was shot and killed by Hole in the parking area adjacent to the 8951 Mirabel Road Ground Package facility, she (Amarjit Sekhon)

was not punched-in or working nor doing any act or acts arising out of or in the course or scope of her duties as a FedEx Ground employee.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 90.

91.

When Plaintiff Jaspreet Sekhon's father, Jasvinder Kaur, was shot and killed by Hole in the parking area adjacent to the 8951 Mirabel Road Ground Package facility, she (Jasvinder Kaur) was not punched-in or working nor doing any act or acts arising out of or in the course or scope of her duties as a FedEx Ground employee.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 91.

92.

When Plaintiff Mary 'Carol' Weisert's husband, John Weisert, was shot and killed by Hole in the parking area adjacent to the 8951 Mirabel Road Ground Package facility, he (John Weisert) was not punched-in or working nor doing any act or acts arising out of or in the course or scope of his duties as a FedEx Ground employee.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 92.

93.

When Plaintiff Matthew D. Alexander's daughter, Karli Smith, was shot and killed by Hole in the parking area adjacent to the 8951 Mirabel Road Ground Package facility, she (Karli Smith) was not punched-in or working nor doing any act or acts arising out of or in the course or scope of her duties as a FedEx Ground employee.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 93.

94.

Despite the best efforts of counsel for the Plaintiffs, Plaintiffs have been unable to obtain the complete files of law enforcement which would identify exactly where, inside or outside of the FedEx Ground facility, Plaintiffs' decedents were shot by Hole.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 94.

95.

Plaintiffs contend that their respective decedents were not 'punched-in' at the time of their respective decedent's being shot by Hole and had either completed or had not started their respective individual shift when shot.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 95.

96.

Plaintiffs contend their respective decedents were, at the time each was shot by Hole, not on break; not performing any duty or act on behalf of their employer; and not doing anything in the normal course of their respective duty on behalf of Defendant FedEx Ground.

**ANSWER**:  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 96.

## COUNT I

### General Negligence

**As to Defendants FedEx Corporation, FedEx Ground Package System, Inc.,
Federal Express Corporation, FedEx Corporate Services, Inc. and**

**Securitas Security Services, USA**

97.

Plaintiff fully incorporates paragraphs 1 through 96 as though fully and completely stated verbatim herein.

**ANSWER**:  Defendant incorporates by reference its responses to paragraphs 1 through 96.

98.

At all times relevant hereto, Defendants FedEx Corporation, FedEx Ground Service System, Inc., Federal Express Corporation, FedEx Corporate Services, Inc. and Securitas Security Services, USA had a duty to the decedents, Amarjeet Johal, Jasvinder Kaur, Amarjit Sekhon, John Weisert, and Karli Smith (hereinafter sometimes "the decedents") and those FedEx employees who were shot and/or injured, as well as others lawfully on the premises to exercise ordinary diligence and care against unreasonable risk of harm.

**ANSWER**:   Defendant makes no response to paragraph 98, to the extent that it relates to this Defendant, because paragraph 98 states a legal conclusion. To the extent a further response is required, Defendant denies the allegations in paragraph 98.

99.

At all times relevant hereto, Defendants FedEx Corporation, FedEx Ground Service System, Inc., Federal Express Corporation, FedEx Corporate Services, Inc. and Securitas Security Services, USA had a duty to the decedents and the injured FedEx Ground employees, and all others lawfully on the premises, to exercise ordinary care in the performance of their respective duties and responsibilities.

**ANSWER**:   Defendant makes no response to paragraph 99, to the extent that it relates to this Defendant, because paragraph 99 states a legal conclusion. To the extent a further response is

required, Defendant denies the allegations in paragraph 99.

100.

The duties and obligations to exercise ordinary care in the performance of their duties owed to the decedents and the injured FedEx Ground employees owed by Defendants FedEx Corporation, FedEx Ground Service System, Inc., Federal Express Corporation, Federal Express Corporate Services, Inc. and Securitas Security Services, USA are imputable to their respective employees.

**ANSWER**:  Defendant makes no response to paragraph 100, to the extent that it relates to this Defendant, because paragraph 100 states a legal conclusion. To the extent a further response is required, Defendant denies the allegations in paragraph 100.

101.

At all times relevant hereto, Defendants FedEx Corporation, FedEx Ground Service System, Inc., Federal Express Corporation, FedEx Corporate Services, Inc. and Securitas Security Services, USA, including their respective applicable employees:

1.   Were aware of an active shooter event occurring at a substantially similar FedEx Ground Package facility located in Bedford Park, Illinois;

2.   Were aware of an active shooter event occurring at a substantially similar FedEx Ground Package facility located in Kennesaw, Georgia;

3.   Were aware of events involving FedEx Ground employees and former employees shooting or harming FedEx employees;

4.   Were aware of active shooter events occurring at other than FedEx Ground Package facilities;

5.   Were aware of the possibility that an active shooter event was foreseeable and could occur almost anywhere; and

6.   Knew or should have known of the potential danger created by an irate or unstable individual or former employee coming onto the property and causing injury, harm or possible death to such individuals.

**ANSWER**:  Defendant admits that it was aware that shooting events have occurred in other locations not operated by parties to this case. Defendant denies the inference that these random criminal events meet the test of legal foreeeability for purposes of liability. Defendant denies the remaining allegations in paragraph 101.

102.

Defendants FedEx Corporation, FedEx Ground Service System, Inc., Federal Express Corporation, FedEx Corporate Services, Inc. and Securitas Security Services, USA breached their respective and collective duty to exercise ordinary care in the performance of their respective duties by, among other things:

1.   failing to ensure proper procedures were in place to adequately monitor personnel, visitors and employees in the immediate area of the Mirabel Road FedEx Ground Package facility, including the general parking area adjacent to the building;

2.   failing to ensure proper procedures were in place to adequately monitor video surveillance images;

3.   failing to have adequate personnel in place to adequately monitor video surveillance images;

4.   failing to properly monitor video surveillance camera images;

5.   failing to ensure that the entrances/gateway to the FedEx Mirabel Road facility were adequate to identify individuals and keep those people without a legitimate purpose or acting in a potentially dangerous manner from entering the facility;

6.   failing to ensure that the entrance to the physical plant was secure and adequate to deny access to individuals appearing to be intent on entering for an illegitimate purpose or with an intent to do harm;

7.   failing to ensure an adequate warning mechanism was in place to warn of known dangerous conditions on the property;

8.   specifically, as to FedEx Corporation, FedEx Ground Package System, Inc., Federal Express Corporation, FedEx Corporate Services, Inc., failing to ensure the security contractor approved by Federal Express Corporate Services, Inc. and its security officers assigned to the Mirabel Road facility were adequately and fully

trained;

9.      specifically, as to Securitas Security Services, USA, failing to ensure its security officers assigned to the Mirabel Road facility were adequately and fully trained as to potential active shooter situations;

10.     specifically, as to Securitas Security Services, USA, failing to ensure its security officers were properly trained to properly observe individuals demonstrating disruptive or potentially disruptive behaviors;

11.     specifically, as to Securitas Security Services, USA, and its security officers on duty on April 15, 2021, when Brandon Hole first came into contact with them, failing to observe or in any way monitor Hole after he (Hole) demonstrated disruptive or potentially disruptive behaviors, then left the gateway area and announced that he was going to return and go int the facility and;

(l)     specifically, as to Securitas Security Services, USA, and its security officers on duty on April 15, 2021, when Brandon Hole first came into contact with them, failing to secure entrances to the 8951 Mirable Road facility after Hole could be observed walking from his car, returning to the entrance area and discharging the firearm(s) he was carrying from his vehicle.

**ANSWER**:  Defendant denies the allegations in 102, to the extent those allegations relate to this Defendant. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 102.

103.

As a result of the actions and/or inactions of the Defendants FedEx Corporation, FedEx Ground Service System, Inc., Federal Express Corporation, FedEx Corporate Services, Inc. and Securitas Security Services, USA, including their respective applicable employees, the decedents and the injured FedEx Ground employees incurred and suffered general and special damages to be proven with certainty at trial.

**ANSWER**:  Defendant denies the allegations in paragraph 103 to the extent those allegations apply to this Defendant. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 103.

## COUNT II

### Failure to Warn

**As to Defendants FedEx Corporation, FedEx Ground Service
System, Inc., Federal Express Corporation, FedEx Corporate Services, Inc.
and Securitas Security Services, USA**

104.

Plaintiffs incorporate paragraphs 1 through 103 as though fully and completely stated verbatim herein.

**ANSWER**:  Defendant incorporates by reference its responses to paragraphs 1 through 103.

105.

At all times relevant hereto, Defendants had a duty to exercise reasonable, ordinary care to ensure there was an adequate and appropriate system enabling management and security personnel to be able to warn employees, visitors and others lawfully on the premises of a dangerous condition or situation, including an active shooter, on the premises.

**ANSWER**:   To the extent the allegations in paragraph 105 relate to this Defendant, Defendant makes no response because they state legal conclusions. To the extent a further response is necessary, Defendant denies the allegations in paragraph 105 to the extent they relate to this Defendant.

106.

At all times relevant hereto, Defendants owed a duty to the plaintiffs and all others lawfully on the premises to exercise ordinary care to avoid conduct that could reasonably be expected to cause or inflict harm.

**ANSWER**:   To the extent the allegations in paragraph 106 relate to this Defendant,

Defendant makes no response because they state legal conclusions. To the extent a further response is necessary, Defendant denies the allegations in paragraph 106 to the extent they relate to this Defendant.

107.

At all times relevant hereto, Defendants had a duty to ensure appropriate and reasonable policies, procedures, guidelines and training were in place to warn, and then initiate reasonable measures to protect employees and others lawfully on the premises from a dangerous condition or situation, including an active shooter, on the premises.

**ANSWER**:   To the extent the allegations in paragraph 107 relate to this Defendant, Defendant makes no response because they state legal conclusions. To the extent a further response is necessary, Defendant denies the allegations in paragraph 107 to the extent they relate to this Defendant.

108.

Defendants, were negligent and breached their respective duties owed to the plaintiffs and others lawfully on the premises by, among other things to be fully described at trial:

failing to use reasonable care to ensure the plaintiffs had safe working conditions;

1.      failing to use reasonable care to ensure the plaintiffs had safe working conditions;

2.      failing to adequately warn of the impending danger as Brandon Hole exited his vehicle, armed with automatic or semi-automatic weaponry;

3.      failing to respond and secure the premises and entrances to the premises when Brandon Hole exited his vehicle, armed with automatic or semi-automatic weaponry and began indiscriminately shooting in the parking area adjacent to the premises.

**ANSWER**:  Defendant denies the allegations of paragraph 108 to the extent the allegations relate to this Defendant. Defendant lacks knowledge or information sufficient to admit or deny the

remaining allegations in paragraph 108.

109.

As direct and proximate result of the actions and/or inactions of the Defendants, individually and collectively, and because of their respective breaches of duties owed to the plaintiffs and others lawfully on the premises, Brandon Hole, on April 15, 2021, was allowed to carry out his indiscriminate shooting and murder of Amarjeet Johal, Jasvinder Kaur, Amarjit Sekhon, John Weisert, Matthew Alexander, and Karli Smith on the premises.

**ANSWER**:  Defendant denies the allegations of paragraph 109 to the extent the allegations relate to this Defendant. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 109.

**COUNT III**

**Failure to Keep Premises Safe**

**As to Defendants FedEx Corporation, FedEx Ground Service System, Inc.,
Federal Express Corporation, FedEx Corporate Services, Inc.
and Securitas Security Services, USA**

110.

Plaintiff fully incorporates paragraphs 1 through 109 as though fully and completely stated verbatim herein.

**ANSWER**:   Defendant incorporates by reference its responses to paragraphs 1 through 109.

111.

At all times relevant hereto, Defendants, and particularly Defendants FedEx Ground, Federal Express Corporation and Securitas, were occupiers of the Mirabel Road FedEx Ground Premises and had a duty to use reasonable and ordinary care to keep the premises safe.

**ANSWER**:  Defendant makes no response to the allegations in paragraph 111 to the extent those allegations relate to this Defendant, because they state legal conclusions. To the extent a further response is necessary, Defendant denies the allegations in paragraph 111 to the extent they relate to this Defendant and lacks knowledge or information as to the truth of the remaining allegations in paragraph 111.

112.

At all times relevant hereto, Defendants owed a duty of care to the decedents and the injured FedEx Ground employees to keep the Premises at issue safe from foreseeable, unlawful acts and dangerous conditions of which they knew or should have known existed on the Premises.

**ANSWER**:  Defendant makes no response to the allegations in paragraph 112 to the extent those allegations relate to this Defendant, because they state legal conclusions. To the extent a further response is necessary, Defendant denies the allegations in paragraph 112 to the extent they relate to this Defendant and lacks knowledge or information as to the truth of the remaining allegations in paragraph 112.

113.

At all times relevant hereto, Defendants, and particularly Defendants FedEx Ground, Federal Express Corporation and Securitas, as occupiers of the Mirabel Road FedEx Ground Premises failed to keep the Mirabel Road Premises safe from foreseeable, unlawful acts and dangerous conditions of which they knew or should have known existed on the Premises.

**ANSWER**:  Defendant denies the allegations in paragraph 113 to the extent they relate to this Defendant. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 113.

114.

At all times relevant hereto, Defendants, and particularly Defendants FedEx Ground, Federal Express Corporation and Securitas, as occupiers of the Mirabel Road FedEx Ground Premises, failed to adequately protect Plaintiffs' decedents and the injured Plaintiffs by, among other things:

1.  failing to employ appropriate and adequate systems to prevent workplace violence and violence created by intrusion into the facility by individuals intent on causing harm;

2.  failing to properly create, implement, monitor, assess, and recommend amendments to security procedures consistent with data and information readily available to them;

3.  failing to properly train, monitor and supervise those individuals and employees responsible for implementing, monitoring, assessing, supervising and controlling the FedEx Workplace Violence Program;

4.  failing to have proper procedures in place to adequately monitor video surveillance monitors;

5.  failing to have adequate personnel in place to adequately monitor video surveillance monitors;

6.  failing to property monitor video surveillance cameras;

7.  maintaining unsafe and insecure entrances to the facility;

8.  failing to ensure that the entrance to the physical plant was adequate to secure and adequate to deny access to individuals intent on entering the FedEx Ground facility for an illegitimate purpose or with an intent to do harm;

9.  failing to ensure an adequate warning mechanism was in place to warn of known dangerous conditions on the property;

10. specifically, as to FedEx Corporation, Federal Express Corporation and FedEx Ground Package System, Inc., failing to ensure the security contractor approved by Federal Express Corporate Services, Inc. was contracted to provide and instructed to provide security officers that were adequately and fully trained;

11. specifically, as to Securitas Security Services, USA, failing to ensure its security officers assigned to the Mirabel Road facility were adequately and fully trained;

12.     specifically, as to Securitas Security Services, USA, failing to ensure its security officers assigned to the Mirabel Road facility were fully and appropriately trained to properly observe individuals demonstrating disruptive or potentially disruptive behaviors;

13.     specifically, as to Securitas Security Services, USA, its security officers failing to observe or in any way monitor Brandon Hole after he (Hole) demonstrated disruptive or potentially disruptive behavior and/or created a disturbance and then left the area announcing that he was going to return in order to gain entrance into the facility.

14.     specifically, as to Securitas Security Services, USA, allowing Brandon Hole to enter the facility after he (Hole) started his return to the entrances to the facility and began indiscriminately shooting in the parking area.

**ANSWER**:  Defendant denies the allegations in paragraph 114 to the extent they relate to this Defendant. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 114.

115.

As a result of the actions and/or inactions of the Defendants, individually or collectively, Plaintiffs' decedents and injured individuals suffered special and general to be proven with certainty at trial.

**ANSWER**:  Defendant denies the allegations in paragraph 115 to the extent they relate to this Defendant. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 115.

**COUNT IV**

**Negligence – Failure to Provide Adequate Security as to
Defendant Securitas Security Services, Inc.**

116.

Plaintiff fully incorporates paragraphs 1 through 115 as though fully and completely stated verbatim herein.

**ANSWER**:  Defendant incorporates by reference its responses to paragraphs 1 through 115.

117.

At all times relevant hereto, Defendant Securitas Security Services, USA Inc. had a duty to the Plaintiffs and the injured FedEx Ground Package personnel, and others lawfully on the premises, to exercise ordinary diligence and care against unreasonable risk of harm.

**ANSWER**:  Defendant makes no response to the allegations of paragraph 117, which state legal conclusions. To the extent a further response is required, Defendant denies the allegations in paragraph 117.

118.

At all times relevant hereto, Defendant Securitas Security Services, USA Inc. had a duty to the decedents and the injured FedEx Ground Package personnel, and others lawfully on the premises, to exercise ordinary care in the performance of their duties and responsibilities as they relate to their duties at the Mirabel Road Ground Package Premises.

**ANSWER**:  Defendant makes no response to the allegations in paragraph 118, which state legal conclusions. To the extent a further response is required, Defendant denies the allegations in paragraph 118.

119.

Defendant Securitas Security Services, USA Inc. breached their respective duty of care owed to the Plaintiff by, among other things:

1.  failing to have or ensure proper procedures were in place to adequately monitor video surveillance cameras;

2.  failing to have, or in the alternative recommend, adequate personnel be in place to adequately monitor video surveillance cameras;

3.      failing to property monitor video surveillance cameras;

4.      maintaining an unsafe and insecure entrance to the facility;

5.      failing to ensure that the entrances to the physical plant were secure;

6.      failing to ensure, or in the alternative, recommend an adequate warning mechanism be in place to warn of known dangerous conditions on the property, including the provision of an adequate warning system to warn of an active shooter situation on the Premises;

7.      failing to ensure security personnel were adequately and fully trained;

8.      failing to observe or in any way monitor Brandon Hole after he (Hole) created a disturbance, left the area and announced that he was going to return in order to gain entrance into the facility.

**ANSWER:**  Defendant denies the allegations in paragraph 119.

120.

As a result of the actions and/or inactions of Securitas Security Services, USA, Inc. Plaintiffs' decedents and the injured FedEx Ground Package personnel, and others lawfully on the premises incurred and suffered special and general damages to be proven with certainty at trial.

**ANSWER**:  Defendant denies the allegations in paragraph 120.

## **COUNT V**

### **Negligent Hiring, Training & Supervision as to Defendants FedEx Corporation, FedEx Ground Package System, Inc. and Federal Express Corporation**

121.

Plaintiff fully incorporates paragraphs 1 through 120 as though fully and completely stated verbatim herein.

**ANSWER**:  Defendant incorporates by reference its responses to paragraphs 1 through 120.

122.

At all relevant times, Defendants FedEx Corporation, FedEx Ground Package System, Inc., and Federal Express Corporation, to include their respective employees acting on their behalf, owed a duty to exercise ordinary care in the selection, hiring, training and supervision of their respective employees, and ensure proper policies, procedures and guidelines were in place and properly carried out.

**ANSWER**:   Defendant makes no response to paragraph 122, which is directed to other Defendants.

123.

Defendants FedEx Corporation, FedEx Ground Package System, Inc., and Federal Express Corporation were negligent in hiring, training and/or supervising of management and supervisory personnel assigned to the Mirabel Road Ground Package facility by, among other things:

1.    failing to have or ensure proper procedures were in place to adequately monitor video surveillance cameras;

2.    failing to have, or in the alternative recommend, adequate personnel be in place to adequately monitor video surveillance cameras;

3.    failing to property monitor video surveillance cameras;

4.    failing to ensure personnel were trained to properly maintain a safe and secure entrance to the facility;

5.    failing to ensure that personnel were properly trained to ensure the entrances to the physical plant were secure;

1.    failing to ensure security personnel were adequately and fully trained to respond to dangerous or potentially dangerous conditions on the premises;

2.    failing to ensure security personnel were properly trained and supervised to recognize individuals demonstrating disruptive or potentially disruptive behavior.

**ANSWER**:   Defendant makes no response to paragraph 123, which is directed to other

Defendants.

124.

As a direct and proximate result of the actions and/or inactions of Defendants FedEx Corporation, FedEx Ground Package System, Inc., Federal Express Corporation, and FedEx Corporate Services, Inc., Plaintiffs' decedents and the injured FedEx Ground Package personnel, and others lawfully on the premises incurred and suffered special and general damages to be proven with certainty at trial.

**ANSWER**:  Defendant makes no response to paragraph 124, which is directed to other Defendants.

**COUNT VI**

**Negligent Hiring, Training & Supervision as to**
**Defendant Securitas Security Services, Inc.**

125.

Plaintiff fully incorporates paragraphs 1 through 124 as though fully and completely stated verbatim herein.

**ANSWER**:  Defendant incorporates by reference its responses to paragraphs 1 through 124.

126.

At all times relevant hereto, Defendant Securitas owed a duty to Defendants FedEx Corporation, FedEx Ground Package System, Inc., and Federal Express Corporation and to Plaintiffs' decedents and the injured FedEx Ground Package personnel, and others lawfully on the premises to exercise ordinary care in the selection, hiring, training and supervision of their respective employees, and to ensure proper policies, procedures and guidelines were in place and properly carried out.

**ANSWER**:   Defendant makes no response to the allegations of paragraph 126, which are legal conclusions. To the extent a further response is required, Defendant denies the allegations of paragraph 126.

127.

Defendant Securitas was negligent in the hiring, training and supervision of their employees by, among other things:

1.   failing to have or ensure proper procedures were in place to adequately monitor video surveillance cameras;

2.   failing to have, or in the alternative recommend, adequate personnel be in place to adequately monitor video surveillance cameras;

3.   failing to property monitor video surveillance cameras;

4.   failing to ensure personnel were trained to properly maintain a safe and secure entrance to the facility;

5.   failing to ensure that personnel were properly trained to ensure the entrances to the physical plant were secure;

1.   failing to ensure security personnel were adequately and fully trained to respond to dangerous or potentially dangerous conditions on the premises, to include but not be limited to the failure to recognize Brandon Hole as being a potential threat to the safety and/or security of the premises from potentially dangerous or injurious acts;

2.   failing to ensure security personnel were trained and properly supervised in recognizing individuals demonstrating disruptive or potentially disruptive behavior.

**ANSWER**:   Defendant denies the allegations in paragraph 127.

128.

As a direct and proximate result of the actions and/or inactions of Defendant Securitas, Plaintiffs' decedents and the injured FedEx Ground Package personnel, and others lawfully on the premises incurred and suffered special and general damages to be proven with certainty at trial.

**ANSWER**:   Defendant denies the allegations in paragraph 128, which is directed to other

Defendants.

## DAMAGES

129.

Plaintiff fully incorporates paragraphs 1 through 140 as though fully and completely stated verbatim herein.

**ANSWER**:  Defendant incorporates by reference its responses to paragraphs 1 through 129.

130.

As a result and consequence of the actions and/or inactions of Defendants FedEx Corporation, FedEx Ground Package System, Inc., Federal Express Corporation, FedEx Corporate Services, Inc., and Securitas Security Services, USA, Inc.:

1.   Plaintiff Gurinder Johal's decedent Amarjeet Johal suffered general damages and special damages to be determined by an impartial jury in accordance with Indiana Code § 34-23-1 et seq.;

2.   Plaintiff Diljot Sekhon's decedent Amarjit Sekhon suffered general damages and special damages to be determined by an impartial jury in accordance with Indiana Code § 34-23-1 et seq.;

3.   Plaintiff Jaspreet Sekhon's decedent Jasvinder Kaur suffered general damages and special damages to be determined by an impartial jury in accordance with Indiana Code § 34-23-1 et seq.;

4.   Plaintiff Mary 'Carol' Weisert's decedent John Weisert suffered general damages and special damages to be determined by an impartial jury in accordance with Indiana Code § 34-23-1 et seq.; and

5.   Plaintiff Matthew Alexander's decedent Karli Smith suffered general damages and special damages to be determined by an impartial jury in accordance with Indiana Code § 34-23-1 et seq.

**ANSWER**:   Defendant denies the allegations in paragraph 130, to the extent they relate to this Defendant. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 130.

**NATHANIEL LUHRSEN**

131.

Nathaniel Luhrsen, personal representative of the Estate of Karli Smith, has been named as a co-defendant in this action to answer as to his interest, if any.

**ANSWER:**   Defendant lacks knowledge or information  sufficient to admit or deny the allegations in paragraph 131.

**KAREN SMITH**

132.

Karen Smith, biological mother of Karli Smith, deceased, has been named a co-defendant in this action to answer as to her interest, if any.

**ANSWER:**   Defendant lacks knowledge or information  sufficient to admit or deny the allegations in paragraph 132.

**ADDITIONAL DEFENSES**

Defendant asserts the following additional defenses, subject to further investigation and discovery:

1.      Brandon Hole, deceased, is named as a non-party to this action pursuant to the Indiana Comparative Fault Act, I.C. § 34-51-2-14.

2.      Defendant previously reserved the right to name any dismissed party to this case as a non-party pursuant to the Indiana Comparative Fault Act, I.C. § 34-51-2-14. On October 17, 2022, the court dismissed FedEx Corporation, FedEx Ground Package System, Inc., Federal Express Corporation, and FedEx Corporate Services, Inc. Accordingly, Defendant names these dismissed parties as non-parties pursuant to I.C. § 34-51-2-14.

3.      Plaintiffs' damages were caused by unforeseeable intervening or superseding

causes.

4.      Defendant is not liable because its employees confronted a sudden emergency.

5.      The scope of the duty owed by Defendant to the Plaintiffs, if any, is defined by the scope of Defendant's contract with the business owner, and Defendant owed no duty to third parties, if any, exceeding that contractual scope.

6.      As a contractor, Defendant is entitled to follow the plans and specifications provided by the business owner and is not liable to third parties for acting in reliance upon those plans and specifications.

7.      Defendant reserves the right to assert additional non-party defenses as their identities become known through discovery and investigation.

8.      Defendant reserves the right to assert any defense provided by the Indiana Comparative Fault Act, I.C. § 34-51-2-1.

9.      Defendant incorporates herein by reference any affirmative defense raised by any other party to this action.

## **JURY DEMAND**

Defendant Securitas Security Services USA, Inc., by counsel, hereby demands a trial by jury on all issues so triable.

WHEREFORE, Defendant Securitas Security Services USA, Inc. prays for judgment in its favor, for costs, for trial by jury, and for all other proper relief.

*/s/ Eric A. Riegner*
Eric A. Riegner (#14057-49)
Robert B. Thornburg (#19594-02)
Adam S. Ira (#32017-49)
Frost Brown Todd LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN 46244-0961
(317) 237-3800
eriegner@fbtlaw.com
rthornburg@fbtlaw.com
aira@fbtlaw.com
*Attorneys for Defendant Securitas Security Services USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2023, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Daniel S. Chamberlain
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
dchamberlain@cohenandmalad.com
*Attorneys for Plaintiffs*

Nathaniel Lee
Robert E. Feagley, II
Faith Alvarez
Lee, Cossell & Feagley, LLP
531 East Market Street
Indianapolis, IN 46204
nlee@nleelaw.com
hfeagley@nleelaw.com
falvarez@nleelaw.com
*Attorneys for Estate of Karli Smith*

Melvin L. Hewitt
Isenberg & Hewitt, PC
600 Embassy Row, Suite 150
Atlanta, GA 30328
mel@isenberg-hewitt.com
*Attorneys for Plaintiffs*

*/s/ Eric A. Riegner*
Eric A. Riegner

0150626.0756521   4861-8772-4132v1