UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GURINDER JOHAL personal representative of the Estate of Amarjeet Johal, | ) | |
| DILJOT SEKHON personal representative of the Estate of Amarjit Sekhon, | ) ) | |
| JASPREET SEKHON personal representative of the Estate of Jasvinder Kaur, | ) ) | |
| MARY 'CAROL' WEISERT personal representative of the Estate of John Weisert, | ) ) | No. 1:22-cv-00716-JRS-MG |
| MATTHEW D. ALEXANDER personal representative of the Estate of Karlie Smith, | ) ) | |
| JEFF BLACKWELL personal representative of the Estate of Samaria Blackwell, | ) ) | |
| TAMMI BLACKWELL personal representative of the Estate of Samaria Blackwell, | ) ) | |
| GURINDER SINGH BAINS personal representative of the Estate of Jaswinder Singh, | ) ) | |
| HARPREET SINGH and his wife DILPREET KAUR, and LAKHWINDER KAUR, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SECURITAS SECURITY SERVICES USA, INC., | ) | |
| NATHANIEL LUHRSEN, personal representative of the Estate of Karli Smith, and | ) ) | |
| KAREN SMITH, Individually, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CONSOLIDATED COMPLAINT FOR PERSONAL INJURIES AND WRONGFUL DEATH AND DEMAND FOR JURY TRIAL</u>

**COME NOW** Plaintiffs, GURINDER JOHAL**,** personal representative of the Estate of Amarjeet Johal, DILJOT SEKHON, personal representative of the Estate of Amarjit Sekhon, JASPREET SEKHON**,** personal representative of the Estate of Jasvinder Kaur, MARY 'CAROL' WEISERT, personal representative of the Estate of John Weisert, MATTHEW D. ALEXANDER,

personal representative of the Estate of Karli Smith, JEFF BLACKWELL and TAMMI

BLACKWELL**,** personal representatives of the Estate of Samaria Blackwell, GURINDER SINGH

BAINS, personal representative of the Estate of Jaswinder Singh, HARPREET SINGH and his

wife DILPREET KAUR, and LAKHWINDER KAUR, by and through undersigned counsel, and

file their Consolidated Complaint for Personal Injuries and Wrongful Death and Demand for Jury

Trial against Securitas Security Services USA, Inc., Nathaniel Luhrsen, personal representative of

the Estate of Karli Smith, and Karen Smith, Individually, and allege as follows:

### **INTRODUCTORY STATEMENT**

1.      Plaintiffs bring this action as a result of a shooting at the FedEx Ground Package

facility located at 8951 Mirabel Road, Indianapolis, Indiana (hereinafter sometimes the "8951

Mirabel Road FedEx Ground facility" or the "Mirabel Road facility" or the "FedEx Ground,

Mirabel Road facility).

2.      The shooting occurred at or about 11:00 p.m. on April 15, 2021 when a FedEx

Ground Package System, Inc. (hereinafter sometimes "FedEx Ground") former employee,

Brandon Hole (hereinafter sometimes "Hole"), drove onto the parking area adjacent to the FedEx

Ground, Mirabel Road facility; parked his vehicle in the parking area immediately in front of and

adjacent to the FedEx Ground Package facility; got out of his car and walked to the entrance of the

facility where he met with, and after creating somewhat of a disruption, was denied entrance into

the facility beyond the 'gateway' area by Securitas security guards.

3.      After being denied access, Hole announced that he was going to go to his car and

return, purportedly with a FedEx Ground badge and/or identification card, indicating after which

he would gain entrance beyond the gateway area.

4.      Approximately four (4) minutes after the initial confrontation with Securitas

security guard personnel and exiting the gateway area, Hole exited his vehicle, armed with an automatic or semi-automatic rifle and began randomly firing at individuals in the parking area.

5.      After firing multiple rounds in the parking area, shooting several individuals in the parking area, Hole proceeded into the facility entrance (the "gateway area") where he continued shooting.

6.      Hole then walked back into the parking area where he continued his shooting rampage, then re-entered the building and killed himself.

7.      In total, Hole shot and killed eight FedEx Ground employees and injured at least five others (Plaintiffs understand that four of the injured were injured by gunfire and one individual was presumably injured in the shooting rampage but was not actually shot) before killing himself.

8.      Hole was a former FedEx Ground Package employee who was employed at the 8951 Mirabel Road Ground Package facility between approximately August through October, 2020.

9.      At all times relevant hereto, Securitas Security Services USA, Inc. provided unarmed security guard services to the FedEx Ground, Mirabel Road facility.

10.     Plaintiffs bring this action alleging that Defendant, Securitas Security Services USA, Inc. ("Securitas") failed to exercise ordinary care in the carrying out of their duties on and prior to April 15, 2021 and that Securitas' combined negligence and gross negligence was the direct and proximate cause and result of the severe injuries and ultimate death suffered by Amarjeet Johal, Amarjit Sekhon, Jasvinder Kaur, John Weisert, Karli Smith, Samaria Blackwell and Jaswinder Singh, and the severe injuries inflicted upon Harpreet Singh and Lakhwinder Kaur.

## THE PARTIES

11.     At all times relevant hereto, Amarjeet Johal was a citizen of the State of Indiana.

12.     Gurinder Johal is the son of Amarjeet Johal and brings this action as the personal representative of the Estate of Amarjeet Johal to recover damages for Amarjeet Johal's wrongful death and, by the filing of this action, submits to the jurisdiction and venue of this honorable Court. Pursuant to 28 U.S.C. § 1332(c)(2), Gurinder Johal is deemed a citizen of the same state as his decedent, *i.e.,* Indiana.

13.     At all times relevant hereto, Amarjit Sekhon was a citizen of the State of Indiana.

14.     Diljot Sekhon is the eldest son of Amarjit Sekhon and brings this action as the personal representative of the Estate of Amarjit Sekhon to recover damages for Amarjit Sekhon's wrongful death, and, by the filing of this action, submits to the jurisdiction and venue of this honorable Court.  Pursuant to 28 U.S.C. § 1332(c)(2), Diljot Sekhon is deemed a citizen of the same state as his decedent, *i.e.,* Indiana.

15.     At all times relevant hereto, Jasvinder Kaur was a citizen of the State of Indiana.

16.     Jaspreet Sekhon is the daughter of Jasvinder Kaur and brings this action as the personal representative of the Estate of Jasvinder Kaur to recover damages for Jasvinder Kaur's wrongful death, and, by the filing of this action, submits to the jurisdiction and venue of this honorable Court. Pursuant to 28 U.S.C. § 1332(c)(2), Jaspreet Sekhon is deemed a citizen of the same state as her decedent, *i.e.,* Indiana.

17.     At all times relevant hereto, John Weisert was a citizen of the State of Indiana.

18.     Mary Carol Weisert is the wife of John Weisert and brings this action, as the personal representative of the Estate of John Weisert to recover damages for John Weisert's wrongful death and, by the filing of this action, submits to the jurisdiction and venue of this honorable Court. Pursuant to 28 U.S.C. § 1332(c)(2), Mary Carol Weisert is deemed a citizen of the same state as her decedent, *i.e.,* Indiana.

19.     At all times relevant hereto, Karli Smith was a citizen of the State of Indiana.

20.     Matthew D. Alexander is the father of Karli Smith and brings this action, as the personal representative of the Estate of Karli Smith to recover damages for Karli Smith's wrongful death and by the filing of this action, submits to the jurisdiction and venue of this honorable Court. Pursuant to 28 U.S.C. § 1332(c)(2), Matthew D. Alexander is deemed a citizen of the same state as his decedent, *i.e.,* Indiana.

21.     At all times relevant hereto, Samaria Blackwell was a citizen of the State of Indiana.

22.     Jeff Blackwell and Tammi Blackwell are the parents of Samaria Blackwell and bring this action as the personal representatives of the Estate of Samaria Blackwell to recover damages for Samaria Blackwell's wrongful death and, by the filing of this action, submit to the jurisdiction and venue of this honorable Court.  Pursuant to 28 U.S.C. § 1332(c)(2), Jeff Blackwell and Tammi Blackwell are deemed citizens of the same state as their decedent, *i.e.,* Indiana.

23.     At all times relevant hereto, Jaswinder Singh was, prior to his death, lawfully admitted for permanent residence in the United States and domiciled in Greenwood, Johnson County, Indiana.

24.     Gurinder Singh Bains is the surviving son of Jaswinder Singh and brings this action as the personal representative of the Estate of Jaswinder Singh to recover damages for Jaswinder Singh's wrongful death and, by the filing of this action, submits to the jurisdiction and venue of this honorable Court.

25.     At all times relevant hereto, Harpreet Singh was a citizen of the State of Indiana.

26.     At all times relevant hereto, Dilpreet Kaur was the wife of Harpreet Singh and a citizen of the State of Indiana.

27.     At the time of the shooting at the FedEx Ground facility, Lakhwinder Kaur was lawfully admitted for permanent residence in the United States and domiciled in Indianapolis, Indiana.  Lakhwinder Kaur is currently domiciled in Bakersfield, California.

28.     Defendant Securitas is a Delaware corporation with its principal place of business at 9 Campus Drive, Parsippany, New Jersey 07054.

29.     Defendant Securitas has employees and does business, among other places, at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

30.     Upon information and belief, Defendant Securitas entered into an agreement under which agreement Securitas was to provide security services, including security officers, to various Federal Express Operational Business Segments, which included the FedEx Ground Package Mirabel Road facility.

31.     Defendant Securitas has, as its Registered Agent in Indiana, National Registered Agents, Inc.

32.     National Registered Agents, Inc. has, as its Registered Office at 334 North Senate Avenue, Indianapolis, IN 46204.

33.     Service upon Defendant Securitas may be perfected by delivering a Summons and Complaint to its Registered Agent.

34.     This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

35.     This Court has personal jurisdiction over Defendant Securitas as it has substantial and purposeful contacts with Indiana, and the causes of action arise out of or relate to those contacts.

36.     Venue is appropriate in this Court as this is where Plaintiffs' causes of action accrued.

## FACTS

37.     At all times relevant hereto, Amarjeet Johal was an employee of FedEx Ground and, on April 15, 2021 was shot and killed by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

38.     At all times relevant hereto, Amarjit Sekhon was an employee of FedEx Ground and on April 15, 2021 was shot and killed by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

39.     At all times relevant hereto, Jasvinder Kaur was an employee of FedEx Ground and, on April 15, 2021 was shot and killed by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

40.     At all times relevant hereto, John Weisert was an employee of FedEx Ground and, on April 15, 2021 was shot and killed by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

41.     At all times relevant hereto, Karli Smith was an employee of FedEx Ground and, on April 15, 2021 was shot and killed by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

42.     At all times relevant hereto, Samaria Blackwell, was an employee of FedEx Ground and, on April 15, 2021, was shot and killed by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

43.     At all times relevant hereto, Jaswinder Singh was an employee of FedEx Ground and, on April 15, 2021, was shot and killed by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

44.     At all times relevant hereto, Harpreet Singh was an employee of FedEx Ground and, on April 15, 2021, was shot and injured by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

45.     At all times relevant hereto, Dilpreet Kaur was the lawful spouse of Harpreet Singh.

46.     At all times relevant hereto, Lakhwinder Kaur was an employee of FedEx Ground and, on April 15, 2021, was shot and injured by a former employee of FedEx Ground at the FedEx Ground Package facility located at 8951 Mirabel Road, Indianapolis, Indiana.

47.     In or around August, 2020, FedEx Ground Package hired the then eighteen (18) year old Brandon Hole ("Hole") as a part-time package handler to work at the FedEx Ground facility located at 8951 Mirabel Road, Indianapolis, Indiana.

48.     During Hole's employment by FedEx Ground from approximately August, 2020 through October, 2020, Hole exhibited emotional and mental instability on multiple instances that would cause an ordinary, reasonable person or employer to believe that Hole was potentially violent and/or dangerous to himself and others.

49.     At all times relevant hereto, Defendant Securitas knew or should have known of Hole's potentially violent and dangerous propensities, which were reasonably likely to result in injuries to himself and others.

50.     Prior to the April 15, 2021 mass shooting event at the FedEx Ground Package Mirabel Road facility, Defendant Securitas, including its security officers assigned to the FedEx Ground Mirabel Road facility, were aware of prior active shootings at other FedEx Ground

Package facilities including an active shooter event in Bedford Park, Illinois and a second active shooter event in Kennesaw, Georgia.

51.     Prior to the April 15, 2021 mass shooting event at the FedEx Ground Package Mirabel Road facility, FedEx hired an unrelated entity, Threat Assessment Group, Inc. ("Threat Assessment Group" or "TAG") to assist it in the design, creation, implementation, assessment, monitoring, and modification of a FedEx Workplace Violence Prevention program, which was to be instituted at all FedEx Ground Package facilities, including the Mirabel Road FedEx Ground Package facility.

52.     At all times relevant hereto, and specifically prior to the active shooter event, which is the subject of this lawsuit, Threat Assessment Group provided continuing consulting, feedback, and recommendations to FedEx which in turn provided such information and recommendations to its' Operating Groups, including, but not necessarily limited to, FedEx Ground and FedEx Express from data generated through Workplace Violence Incident Reports.

53.     All data regarding workplace violence incidents from the various FedEx Business Operating Segments were funneled into the FedEx corporate offices in Memphis, Tennessee where they (the Reports) were analyzed by FedEx Corporation's Security Data Research & Analysis ("SDR&A") division and were known or should have been known to be available to Defendant Securitas.

54.     All Workplace Violence Incident Reports from FedEx Ground's 500+ package handling facilities and other Business Operating Segments went directly into the FedEx 'Security Information Management System' ("SIMS") storage database where the information was analyzed by FedEx Corporation's SDR&A's division.

55.     FedEx Corporation's SDR&A division analyzes all data generated from corporate-wide workplace violence incidents and incident reports and provides FedEx Corporation's Security Leadership Team with quarterly reports breaking down all security events.

56.     FedEx Corporation's SDR&A division further prepared and provided trend information, by operating company, and annual comparisons and categorizations including violent and non-violent and customer/client/criminal data to FedEx Corporation management.

57.     The resulting trend information, comparisons and categories of violence provided to FedEx Corporation was shared with FedEx Corporation's Operating Units, including FedEx Ground and FedEx Express, and were known or should have been known to be available to Defendant Securitas.

58.     At all times relevant hereto, upon information and belief, FedEx Express had one or more as yet to be identified Security Specialists assigned to and physically stationed at the FedEx Ground Package Mirabel Road facility where the April 15, 2021 mass shooting event at issue in this action occurred.

59.     Security Specialists investigate and report on Workplace Violence events and other criminal incidents at their assigned facilities and are privy to trend information, comparisons and categories of violence provided to FedEx Corporation and/or were available to Securitas who were, or should have been aware, of the foreseeability of an act of violence on the premises.

60.     Activity reports and operational performance/incident reports prepared by Securitas personnel assigned to the Mirabel Road Ground Package facility were reviewed and monitored by FedEx Express Security Specialists and made available to and reviewed by FedEx, FedEx Ground management and FedEx Express management.

61.     At all times relevant hereto, Defendant Securitas was aware of active shooter events

being the, or one of the, leading physical security threats and that active shooter events have become a common cause of occupational fatalities in recent years and of their respective need to adequately prepare for and provide adequate security to minimize exposure to such events.

62.     At the time of the April 15, 2021 shooting and prior thereto, Defendant Securitas provided unarmed security guard services to the Mirabel Road FedEx Ground Package facility.

63.     At all times relevant hereto, Defendant Securitas, as one of the world's, or even the world's largest providers of security services to business and industry, was aware of active shooter events being the, or one of the leading physical security threats to business and industry in the United States, and that active shooter events have become a common cause of occupational fatalities in recent years and of their need and duty to adequately prepare for and provide adequate security to minimize exposure to such events to their clients, including but not limited to FedEx, FedEx Ground, FedEx Express and FedEx Services.

64.     On April 15, 2021 at approximately 10:54 p.m., Brandon Hole, the shooter and former employee of FedEx Ground arrived at the 8951 Mirabel Road Ground Package facility.

65.     Upon information and belief, Hole entered an unrestricted, ungated, general parking area adjacent to the FedEx Mirabel Road Ground Package facility and parked his vehicle adjacent to the sidewalk leading to the FedEx Ground entrance doors.

66.     The parking area described in the immediately above paragraph was off of and adjacent to a public road (Mirabel Road) and employees were not required to park in such area.

67.     There were no gates controlling the parking area described in the preceding paragraphs, nor were there any warning signs about the area being reserved for 'employees only' or that such area was in any way restricted.

68.     Upon parking his vehicle as described above, Hole exited his vehicle and made his

way to the entrance to the facility.

69. At all times relevant hereto there were various surveillance video cameras located on the 8951 Mirabel Road Ground Package facility which, among other viewing capabilities, were capable of viewing:

(a) Hole's driving onto the premises;

(b) Hole parking his vehicle adjacent to the sidewalk approximately 30 yards from the main entrance doors of the facility;

(c) Hole after he exited his vehicle and walking to the facility entrance area;

(d) Hole exiting the facility after confronting security personnel and announcing his intention to return with a badge or ID card which would grant him access into the facility;

(e) Hole walking along the sidewalk area to his vehicle which was parked adjacent to the FedEx Ground building;

(f) Hole exiting his vehicle armed with at least an automatic or semi-automatic rifle as he walked toward the employee and visitor entrances while indiscriminately shooting people and vehicles in the parking area.

70. After initially parking his car, which was clearly visible to Securitas security personnel, Hole was allowed, by the Securitas security officers, to pass through the turnstiles, after which he (Hole) demanded to see a manager of the facility.

71. After Hole's first entering the FedEx Ground facility and confronting the Securitas security officer(s), Hole began banging on a door and causing a disturbance and was thereby demonstrative of an individual displaying discernable warning signs of a potentially dangerous individual and a possible volatile individual.

72.     Upon information and belief, after being denied entrance into the facility by Securitas security personnel, Hole announced that he was going to return to his car and get his FedEx badge/ID card and return.

73.     Upon information and belief, Hole's badge or FedEx identification card was not turned-in or recovered by FedEx Ground upon his termination.

74.     Upon information and belief, Plaintiffs reasonably believe that, after exiting the facility and returning to his vehicle, Hole walked down the sidewalk adjacent to the FedEx Ground building, went to his parked vehicle approximately 30 yards from the employee and visitor doors to the facility and sat in his vehicle for approximately four (4) minutes before exiting his vehicle and while making his way back to the facility entrance doors, indiscriminately shooting several FedEx Ground Package employees in the parking area and then re-entering the facility and shooting several other FedEx Ground personnel.

75.     After Hole completed his indiscriminate shooting spree in the parking area, he (Hole) entered the facility where he (Hole) continued his indiscriminate shooting rampage, then exited the building only to re-enter the building and then kill himself.

76.     When Plaintiff Gurinder Johal's mother, Amarjeet Johal, was shot and killed by Hole in the parking area adjacent to the 8951 Mirabel Road Ground Package facility, she (Amarjeet Johal) was not punched-in or working nor doing any act or acts arising out of or in the course or scope of her duties as a FedEx Ground employee.

77.     When Plaintiff Diljot Sekhon's mother, Amarjit Sekhon, was shot and killed by Hole in the parking area adjacent to the 8951 Mirabel Road Ground Package facility, she (Amarjit Sekhon) was not punched-in or working nor doing any act or acts arising out of or in the course or scope of her duties as a FedEx Ground employee.

78.     When Plaintiff Jaspreet Sekhon's mother, Jasvinder Kaur, was shot and killed by Hole in the parking area adjacent to the 8951 Mirabel Road Ground Package facility, she (Jasvinder Kaur) was not punched-in or working nor doing any act or acts arising out of or in the course or scope of her duties as a FedEx Ground employee.

79.     When Plaintiff Mary 'Carol' Weisert's husband, John Weisert, was shot and killed by Hole in the parking area adjacent to the 8951 Mirabel Road Ground Package facility, he (John Weisert) was not punched-in or working nor doing any act or acts arising out of or in the course or scope of his duties as a FedEx Ground employee.

80.     When Plaintiff Matthew D. Alexander's daughter, Karli Smith, was shot and killed by Hole in the parking area adjacent to the 8951 Mirabel Road Ground Package facility, she (Karli Smith) was not punched-in or working nor doing any act or acts arising out of or in the course or scope of her duties as a FedEx Ground employee.

81.     Plaintiffs Jeff Blackwell and Tammi Blackwell's daughter, Samaria Blackwell, was shot and killed by Hole during the shooting rampage and despite the best efforts of counsel for the Plaintiffs, Plaintiffs have been unable to obtain the complete files of law enforcement which would identify exactly where, inside or outside of the FedEx Ground facility, their daughter, Samaria Blackwell, was shot by Hole.

82.     Jaswinder Singh had recently started working at FedEx and was waiting to pick up his first paycheck when a high-velocity caliber bullet penetrated his lower left back traveling through his body and out his front right flank. Jaswinder Singh is survived by his wife, his children, and grandchildren.

83.     Harpreet Singh, a husband and father of three, had been working at the FedEx facility for six months. Harpreet had just finished his shift and was standing in line to pick up his

paycheck when he heard the first shot. The bullet struck him in the head and lodged in his temple. Blood ran down his face as he jumped over a walled security area to hide—huddled and silent—as he waited for the shooting to end and hoped not to lose consciousness.

84.     Lakhwinder Kaur had been working at FedEx since June 2020. She had just arrived for her shift and was sitting in a chair near the line for paycheck pick-up when she heard pops that sounded like fireworks and saw people running. When Lakhwinder Kaur saw a co-worker slump over, she attempted to go to him to offer aid when a bullet shot past her, lacerating her left arm. Others yelled at her to lie down so she briefly took shelter under a chair before she moved with coworkers into an office to hide until law enforcement arrived and led Lakhwinder Kaur and her coworkers outside the building.

## COUNT I

### General Negligence

85.     Plaintiffs fully incorporate paragraphs 1 through 84 as though fully and completely stated verbatim herein.

86.     At all times relevant hereto, Defendant Securitas had a duty to the Plaintiffs, as well as others lawfully on the premises, to exercise ordinary diligence and care against unreasonable risk of harm.

87.     At all times relevant hereto, Defendant Securitas had a duty to the Plaintiffs, as well as others lawfully on the premises, to exercise ordinary care in the performance of its duties and responsibilities.

88.     The duties and obligations to exercise ordinary care in the performance of its duties owed to the Plaintiffs by Defendant Securitas are imputable to its employees.

89.     At all times relevant hereto, Defendant Securitas, including its respective applicable

employees:

    (a)   Were aware of an active shooter event occurring at a substantially similar FedEx Ground Package facility located in Bedford Park, Illinois;

    (b)   Were aware of an active shooter event occurring at a substantially similar FedEx Ground Package facility located in Kennesaw, Georgia;

    (c)   Were aware of events involving FedEx Ground employees and former employees shooting or harming FedEx employees;

    (d)   Were aware of active shooter events occurring at other than FedEx Ground Package facilities;

    (e)   Were aware of the possibility that an active shooter event was foreseeable and could occur almost anywhere; and

    (f)   Knew or should have known of the potential danger created by an irate or unstable individual or former employee coming onto the property and causing injury, harm or possible death to such individuals.

90.    Defendant Securitas breached its respective and collective duty to exercise ordinary care in the performance of its respective duties by, among other things:

    (a)   failing to ensure proper procedures were in place to adequately monitor personnel, visitors and employees in the immediate area of the Mirabel Road FedEx Ground Package facility, including the general parking area adjacent to the building;

    (b)   failing to ensure proper procedures were in place to adequately monitor video surveillance images;

    (c)   failing to have adequate personnel in place to adequately monitor video

surveillance images;

(d) failing to properly monitor video surveillance camera images;

(e) failing to ensure that the entrances/gateway to the FedEx Mirabel Road facility were adequate to identify individuals and keep those people without a legitimate purpose or acting in a potentially dangerous manner from entering the facility;

(f) failing to ensure that the entrance to the physical plant was secure and adequate to deny access to individuals appearing to be intent on entering for an illegitimate purpose or with an intent to do harm;

(g) failing to ensure an adequate warning mechanism was in place to warn of known dangerous conditions on the property;

(h) failing to ensure its security officers assigned to the Mirabel Road facility were adequately and fully trained as to potential active shooter situations;

(i) failing to ensure its security officers were properly trained to properly observe individuals demonstrating disruptive or potentially disruptive behaviors;

(j) Specifically, as to Securitas and its security officers on duty on April 15, 2021 when Brandon Hole first came into contact with them, failing to observe or in any way monitor Hole after he (Hole) demonstrated disruptive or potentially disruptive behaviors, then left the gateway area and announced that he was going to return and go int the facility and;

(k) Specifically, as to Securitas and its security officers on duty on April 15, 2021 when Brandon Hole first came into contact with them, failing to secure entrances to the 8951 Mirable Road facility after Hole could be observed

walking from his car, returning to the entrance area and discharging the firearm(s) he was carrying from his vehicle.

91.     As direct and proximate result of the actions and/or inactions of Defendant Securitas, and because of its breach of duties, Brandon Hole, on April 15, 2021, was allowed to carry out his indiscriminate shooting and murder of Amarjeet Johal, Amarjit Sekhon, Jasvinder Kaur, Karli Smith, Samaria Blackwell and Jaswinder Singh, and injuring of Harpreet Singh and Lakhwinder Kaur on the premises.

92.     As a direct and proximate result of the actions and/or inactions of Defendant Securitas, including its applicable employees, Plaintiffs have incurred and suffered general and special damages to be proven with certainty at trial.

## COUNT II

### Failure to Warn

93.     Plaintiffs incorporate paragraphs 1 through 92 as though fully and completely stated verbatim herein.

94.     At all times relevant hereto, Defendant Securitas had a duty to exercise reasonable, ordinary care to ensure there was an adequate and appropriate system enabling management and security personnel to be able to warn employees, visitors and others lawfully on the premises of a dangerous condition or situation, including an active shooter, on the premises.

95.     At all times relevant hereto, Defendant Securitas owed a duty to Plaintiffs, as well as others lawfully on the premises, to exercise ordinary care to avoid conduct that could reasonably be expected to cause or inflict harm.

96.     At all times relevant hereto, Defendant Securitas had a duty to ensure appropriate and reasonable policies, procedures, guidelines and training were in place to warn, and then initiate

reasonable measures to protect employees and others lawfully on the premises from a dangerous condition or situation, including an active shooter, on the premises.

97.    Defendant Securitas was negligent and breached the duties owed to Plaintiffs, by, among other things to be fully described at trial:

      (a)    failing to use reasonable care to ensure the Plaintiffs had safe working conditions;

      (b)    failing to adequately warn of the impending danger as Brandon Hole exited his vehicle, armed with automatic or semi-automatic weaponry;

      (c)    failing to respond and secure the premises and entrances to the premises when Brandon Hole exited his vehicle, armed with automatic or semi-automatic weaponry and began indiscriminately shooting in the parking area adjacent to the premises.

98.    As direct and proximate result of the actions and/or inactions of Defendant Securitas, and because of its breach of duties, Brandon Hole, on April 15, 2021, was allowed to carry out his indiscriminate shooting and murder of Amarjeet Johal, Amarjit Sekhon, Jasvinder Kaur, Karli Smith, Samaria Blackwell and Jaswinder Singh, and injuring of Harpreet Singh and Lakhwinder Kaur on the premises.

99.    As a direct and proximate result of the actions and/or inactions of Defendant Securitas, including its applicable employees, Plaintiffs have incurred and suffered general and special damages to be proven with certainty at trial.

## COUNT III

### Failure to Keep Premises Safe

100.    Plaintiffs fully incorporate paragraphs 1 through 99 as though fully and completely

stated verbatim herein.

101.    At all times relevant hereto, Defendant Securitas was an occupier of the Mirabel Road FedEx Ground Premises and had a duty to use reasonable and ordinary care to keep the premises safe.

102.    At all times relevant hereto, Defendant Securitas owed a duty of care to the Plaintiffs, as well as others lawfully on the premises, to keep the Premises at issue safe from foreseeable, unlawful acts and dangerous conditions of which they knew or should have known existed on the Premises.

103.    At all times relevant hereto, Defendant Securitas was an occupier of the Mirabel Road FedEx Ground Premises and failed to keep the Mirabel Road Premises safe from foreseeable, unlawful acts and dangerous conditions of which it knew or should have known existed on the Premises.

104.    At all times relevant hereto, Defendant Securitas was an occupier of the Mirabel Road FedEx Ground Premises, and failed to adequately protect Plaintiffs, by, among other things:

    (a)    failing to employ appropriate and adequate systems to prevent workplace violence and violence created by intrusion into the facility by individuals intent on causing harm;

    (b)    failing to properly create, implement, monitor, assess, and recommend amendments to security procedures consistent with data and information readily available to them;

    (c)    failing to properly train, monitor and supervise those individuals and employees responsible for implementing, monitoring, assessing, supervising and controlling the FedEx Workplace Violence Program;

(d)    failing to have proper procedures in place to adequately monitor video surveillance monitors;

(e)    failing to have adequate personnel in place to adequately monitor video surveillance monitors;

(f)    failing to property monitor video surveillance cameras;

(g)    maintaining unsafe and insecure entrances to the facility;

(h)    failing to ensure that the entrance to the physical plant was adequate to secure and adequate to deny access to individuals intent on entering the FedEx Ground facility for an illegitimate purpose or with an intent to do harm;

(i)    failing to ensure an adequate warning mechanism was in place to warn of known dangerous conditions on the property;

(j)    failing to ensure its security officers assigned to the Mirabel Road facility were adequately and fully trained;

(k)    failing to ensure its security officers assigned to the Mirabel Road facility were fully and appropriately trained to properly observe individuals demonstrating disruptive or potentially disruptive behaviors;

(l)    failing to observe or in any way monitor Brandon Hole after he (Hole) demonstrated disruptive or potentially disruptive behavior and/or created a disturbance and then left the area announcing that he was going to return in order to gain entrance into the facility;

(m)    allowing Brandon Hole to enter the facility after he (Hole) started his return to the entrances to the facility and began indiscriminately shooting in the parking area.

105.    As direct and proximate result of the actions and/or inactions of Defendant Securitas, and because of its breach of duties, Brandon Hole, on April 15, 2021, was allowed to carry out his indiscriminate shooting and murder of Amarjeet Johal, Amarjit Sekhon, Jasvinder Kaur, Karli Smith, Samaria Blackwell and Jaswinder Singh, and injuring of Harpreet Singh and Lakhwinder Kaur on the premises.

106.    As a direct and proximate result of the actions and/or inactions of Defendant Securitas, including its applicable employees, Plaintiffs have incurred and suffered general and special damages to be proven with certainty at trial.

## COUNT IV

### Negligence – Failure to Provide Adequate Security

107.    Plaintiffs fully incorporate paragraphs 1 through 106 as though fully and completely stated verbatim herein.

108.    At all times relevant hereto, Defendant Securitas had a duty to the Plaintiffs, as well as others lawfully on the premises, to exercise ordinary diligence and care against unreasonable risk of harm.

109.    At all times relevant hereto, Defendant Securitas had a duty to the Plaintiffs, as well as others lawfully on the premises, to exercise ordinary care in the performance of its duties and responsibilities as they relate to its duties at the Mirabel Road Ground Package Premises.

110.    Defendant Securitas breached its respective duty of care owed to the Plaintiffs, by, among other things:

(a)    failing to have or ensure proper procedures were in place to adequately monitor video surveillance cameras;

(b)    failing to have, or in the alternative recommend, adequate personnel be in

place to adequately monitor video surveillance cameras;

(c)    failing to property monitor video surveillance cameras;

(d)    maintaining an unsafe and insecure entrance to the facility;

(e)    failing to ensure that the entrances to the physical plant were secure;

(f)    failing to ensure, or in the alternative, recommend an adequate warning mechanism be in place to warn of known dangerous conditions on the property, including the provision of an adequate warning system to warn of an active shooter situation on the Premises;

(g)    failing to ensure security personnel were adequately and fully trained;

(h)    failing to observe or in any way monitor Brandon Hole after he (Hole) created a disturbance, left the area and announced that he was going to return in order to gain entrance into the facility.

111.    As direct and proximate result of the actions and/or inactions of Defendant Securitas, and because of its breach of duties, Brandon Hole, on April 15, 2021, was allowed to carry out his indiscriminate shooting and murder of Amarjeet Johal, Amarjit Sekhon, Jasvinder Kaur, Karli Smith, Samaria Blackwell and Jaswinder Singh, and injuring of Harpreet Singh and Lakhwinder Kaur on the premises.

112.    As a direct and proximate result of the actions and/or inactions of Defendant Securitas, including its applicable employees, Plaintiffs have incurred and suffered general and special damages to be proven with certainty at trial.

## COUNT V

### Negligent Hiring, Training & Supervision

113.    Plaintiffs fully incorporate paragraphs 1 through 112 as though fully and

completely stated verbatim herein.

114.   At all times relevant hereto, Defendant Securitas owed a duty to Plaintiffs, and others lawfully on the premises, to exercise ordinary care in the selection, hiring, training and supervision of its employees, and to ensure proper policies, procedures and guidelines were in place and properly carried out.

115.   Defendant Securitas was negligent in the hiring, training, and supervision of its employees by, among other things:

 (a) failing to have or ensure proper procedures were in place to adequately monitor video surveillance cameras;

 (b) failing to have, or in the alternative recommend, adequate personnel be in place to adequately monitor video surveillance cameras;

 (c) failing to property monitor video surveillance cameras;

 (d) failing to ensure personnel were trained to properly maintain a safe and secure entrance to the facility;

 (e) failing to ensure that personnel were properly trained to ensure the entrances to the physical plant were secure;

 (f) failing to ensure security personnel were adequately and fully trained to respond to dangerous or potentially dangerous conditions on the premises, to include but not be limited to the failure to recognize Brandon Hole as being a potential threat to the safety and/or security of the premises from potentially dangerous or injurious acts;

 (g) failing to ensure security personnel were trained and properly supervised in recognizing individuals demonstrating disruptive or potentially disruptive

behavior.

116.     As direct and proximate result of the actions and/or inactions of Defendant Securitas, and because of its breach of duties, Brandon Hole, on April 15, 2021, was allowed to carry out his indiscriminate shooting and murder of Amarjeet Johal, Amarjit Sekhon, Jasvinder Kaur, Karli Smith, Samaria Blackwell and Jaswinder Singh, and injuring of Harpreet Singh and Lakhwinder Kaur on the premises.

117.     As a direct and proximate result of the actions and/or inactions of Defendant Securitas, including its applicable employees, Plaintiffs have incurred and suffered general and special damages to be proven with certainty at trial.

## <u>NATHANIEL LUHRSEN</u>

118.     Nathaniel Luhrsen, personal representative of the Estate of Karli Smith, has been named as a co-defendant in this action to answer as to his interest, if any.

## <u>KAREN SMITH</u>

119.     Karen Smith, biological mother of Karli Smith, deceased, has been named a co-defendant in this action to answer as to her interest, if any.

**WHEREFORE**, Plaintiffs demand that they be awarded:

(a)   Judgment against Defendant Securitas for general damages and special damages as determined by an impartial jury in accordance with Indiana Code § 34-23-1 et seq. and Indiana common law;

(b)   Attorneys' fees and costs for this action and interest to the extent allowable by law; and

(c)   For such other and further relief as this Honorable Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues in this action that are so triable.

Respectfully submitted,

/s/ *Daniel S. Chamberlain*
Daniel S. Chamberlain
Indiana Bar No. 16375-49
Cohen & Malad, LLC
One Indiana Square, Suite 1400
Indianapolis, IN 46204
T (317) 636-6481
F (317) 636-2593
*dchamberlain@cohenandmalad.com*

/s/ *Melvin L Hewitt*
Melvin L. Hewitt, Jr.
Georgia Bar No. 350319
Isenberg & Hewitt, P.C.
600 Embassy Row, Suite 150
Atlanta, GA 30328
T (770) 351-4400
F (770) 828-0100
*mel@isenberg-hewitt.com*

/s/ *Joseph N. Williams*
Joseph N. Williams, Esq.
Indiana Attorney No. 25874-49
WILLIAMS & PIATT
1101 North Delaware Street
Indianapolis, IN 46202
(317) 203-9070
joe@williamspiatt.com

Leslie Mitchell Kroeger, Esq.
(*pro hac vice application forthcoming*)
Poorad Razavi, Esq.
(*pro hac vice application forthcoming*)
Rachael Flanagan, Esq.
(*pro hac vice application forthcoming*)
COHEN MILSTEIN SELLERS & TOLL

11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
(561) 515-1400
lkroeger@cohenmilstein.com
prazavi@cohenmilstein.com
rflanagan@cohenmilstein.com

Jay Chaudhuri, Esq.
(*pro hac vice application forthcoming*)
COHEN MILSTEIN SELLERS & TOLL
407 North Person Street
Raleigh, NC 27601
jchaudhuri@cohenmilstein.com

**Counsel for Plaintiffs**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing document was filed and served upon the following counsel of record via the Court's ECF system this 26th day of July, 2023.

Nathaniel Lee
Robert E. Feagley II
Faith Alvarez
LEE, COSSELL & FEAGLEY, LLP
531 East Market Street
Indianapolis, IN 46204
*nlee@nleelaw.com*
*hfeagley@nleelaw.com*
*falvarez@nleelaw.com*


Eric A. Riegner
Robert B. Thornburg
Adam S. Ira
FROST BROWN TODD LLP
111 Monument Circle, Suite 4500
P.O. Box 44961
Indianapolis, IN 46244-0961
*eriegner@fbtlaw.com*
*rthornburg@fbtlaw.com*
*aira@fbtlaw.com*


*/s/ Daniel S. Chamberlain*
Daniel S. Chamberlain

**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Telephone:  (317) 636-6481
Facsimile:  (929) 239-2968
*dchamberlain@cohenandmalad.com*